JUDGE SULLIVAN

12 CV 7135

David Yan (DY2343)
Law Offices of David Yan
136-20 38th Avenue, Suite 11E
Flushing, NY 11354
Tel.: (718) 888-7788

*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

– – – – – – – – – – – – – – – – – – – – – – – – – – – –X

**HENGJIN SUN, XIAOHUA LU, QIANG MA,**
**ZHONGLIANG QIU, HUI SONG, JUN WANG,**
**LIANHUA WEN, QUAN YAN, YOUQI YANG,**
**GENXIANG ZHANG, JUNHAI ZHANG, MEIDE**
**ZHANG, QIUYING ZHANG, WEITING ZHAO,**
**LIQIANG ZHOU, YUHAI ZHOU,**

                              Plaintiffs,

                v.

**CHINA 1221, INC.  d/b/a  CHINA FUN**
**and "JOHN DOE" and "JANE DOE",**

                              Defendants.

– – – – – – – – – – – – – – – – – – – – – – – – – –X

CIVIL ACTION NO.:
**Case No. 12 CV**



**COMPLAINT**

ECF

JURY TRIAL DEMANDED

Plaintiffs, Hengjin SUN, Xiaohua LU, Qiang MA, Zhongliang QIU, Hui SONG,

Jun WANG,  Lianhua WEN,  Quan  YAN,  Youqi  YANG,  Genxiang  ZHANG,

Junhai ZHANG, Meide ZHANG, Qiuying ZHANG, Weiting ZHAO, Liqiang ZHOU,

and Yuhai ZHOU (collectively, "**Plaintiffs**"), *by and through their undersigned counsel,*

DAVID YAN, ESQUIRE, file this Complaint against defendants, CHINA 1221, Inc.

d/b/a CHINA FUN ("CHINA FUN") and "JOHN DOE" and "JANE DOE" (hereinafter

sometimes referred to collectively as "**Defendants**"), and state as follows:

1.      Plaintiffs alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) unpaid "spread of hours", (4) failure to pay the cost of purchasing and maintaining required delivery bicycles, (5) liquidated damages, (6) prejudgment and post-judgment interest, and (7) attorneys' fees and costs.

2.      Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) unpaid "spread of hours", (4) failure to pay the cost of purchasing and maintaining required delivery bicycles, (5) liquidated damages, (6) prejudgment and post-judgment interest, and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over the Plaintiffs' federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343.

4.      This Court has supplemental jurisdiction over the Plaintiff's New York state law claims pursuant to 28 U.S.C. § 1367(a), as they are so related in this action within such original federal question jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391(b) because Defendants conduct businesses in this judicial District, and a substantial parts of the acts and/or omissions giving rise to the claims herein alleged occurred in this judicial District.

## THE PARTIES

### Plaintiffs

6.      Plaintiffs are former employees of Defendants, CHINA 1221, Inc. d/b/a CHINA FUN ("CHINA FUN") and "JOHN DOE" and "JANE DOE" (the "Defendants").

7.      Throughout the course of their employment, Plaintiffs regularly worked more than 66 hours each week for wages that fell below the legal minimum wage and without receiving the overtime premiums required by law.

8.      Plaintiff Hengjin SUN was employed as a delivery person at the CHINA FUN in New York County, New York from approximately December 28, 1998 until March 1, 2012.

9.      Plaintiff Xiaohua LU was employed as a delivery person at the CHINA FUN in New York County, New York from approximately January 2002 until June 2007.

10.     Plaintiff Qiang MA was employed as a delivery person at the CHINA FUN in New York County, New York from approximately January 2004 until December 2009.

11.     Plaintiff Zhongliang QIU was employed as a delivery person at the CHINA FUN in New York County, New York from approximately April 2000 until May 2007.

12.     Plaintiff Hui SONG was employed as a delivery person at the CHINA FUN in New York County, New York from approximately January 2005 until December 2008.

13.     Plaintiff Jun WANG was employed as a delivery person at the CHINA FUN in New York County, New York from approximately June 2006 until December 2010.

14.     Plaintiff Lianhua WEN was employed as a delivery person at the CHINA FUN in New York County, New York from approximately January 2009 until December 2011.

15.     Plaintiff Quan YAN was employed as a delivery person at the CHINA FUN in New York County, New York from approximately March 2001 until June, 2007.

16.     Plaintiff Youqi YANG was employed as a delivery person at the CHINA FUN in New York County, New York from approximately April 2008 until March 2012.

17.     Plaintiff Genxiang ZHANG was employed as a delivery person at the CHINA FUN in New York County, New York from approximately February 2005 until June 2007.

18.     Plaintiff Junhai ZHANG was employed as a delivery person at the CHINA FUN in New York County, New York from approximately August 2004 until June 2007.

19.     Plaintiff Meide ZHANG was employed as a delivery person at the CHINA FUN in New York County, New York from approximately March 2003 until June 2007.

20.     Plaintiff Qiuying ZHANG was employed as a delivery person at the CHINA FUN in New York County, New York for approximately 6 years.

21.     Plaintiff Weiting ZHAO was employed as a delivery person at the CHINA FUN in New York County, New York from approximately June 2006 until October 2007.

22.     Plaintiff Liqiang ZHOU was employed as a delivery person at the CHINA FUN in New York County, New York from approximately April 1999 until June 2007.

4

23.     Plaintiff Yuhai ZHOU was employed as a delivery person at the CHINA FUN in New York County, New York from approximately May 2004 until October 2006.

## Defendants

24.     Upon information and belief, Defendant, CHINA 1221, Inc., is a domestic business corporation organized and existing under the laws of the State of New York,

25.     Upon information and belief, Defendant CHINA FUN has a principal place of business located at 1221 Second Avenue, New York, New York 10021.

26.     Upon information and belief, Defendant CHINA 1221, Inc., at all times relevant to this action, is doing business as CHINA FUN ("CHINA FUN").

27.     Upon information and belief, at all times relevant to this action, CHINA 1221, Inc., owned and operated CHINA FUN.

28.     Upon information and belief, Defendants, "JOHN DOE" and "JANE DOE", are the owners, shareholders, officers, directors and/or managing agents of CHINA FUN, whose address is unknown at this time and who actively participated and continues to actively participate in the day-to-day operations of CHINA FUN's and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated hereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with CHINA FUN.  "JOHN DOE" and "JANE DOE" are sued individually in his/her/their capacity as an employer or employers.

29.     Upon information and belief, at all relevant times, Defendants "JOHN DOE" and "JANE DOE" had the power to hire and fire Plaintiffs who worked for

CHINA FUN, control their terms and conditions of employment, maintain employment records and determine the rate and method of any compensation provided to Plaintiffs.

30.     Upon information and belief, at all relevant times, CHINA FUN was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise on goods or materials that have been moved in or produced for commerce by any person; and (ii) has had an annual gross volume of sales of not less than $500,000.00.

31.     Upon information and belief, at all relevant times, the work performed by Plaintiff was directly essential to the business operated by CHINA FUN.

32.     Upon information and belief, at all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

33.     Upon information and belief, at all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime wages in direct contravention of the FLSA and New York Labor Law.

34.     Plaintiffs have satisfied all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

35.     Defendants, CHINA 1221, Inc., "JOHN DOE" and "JANE DOE" own and operate the CHINA FUN restaurant, located at 1221 Second Avenue, New York, New York 10021.

36.     The CHINA FUN serves food to customers on the premises and provides take-out and delivery service.

37.     The CHINA FUN is a "restaurant" within the meaning of the New York Labor Law.

38.     Defendants, "JOHN DOE" and "JANE DOE", are individuals who, upon information and belief, own the stock of CHINA FUN, own CHINA FUN, exercise substantial control over the functions of CHINA FUN, and manage and make all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work, supervise the work of the employees, and have authority to hire and fire employees.

39.     At all relevant times, upon information and belief, and during the course of the Plaintiffs' employment, Defendants failed to maintain accurate and sufficient time records.

40.     At all relevant times, upon information and belief, and during the course of the Plaintiffs' employment, Defendants knowingly and willfully manipulated time records.

41.     Plaintiffs were each employed at the CHINA FUN at various times over the last 15 years.

42.     Upon information and belief, at all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law, 29 U.S.C. § 203(d); N.Y.Lab.Law §§ 2(6); 190(3); 651(6).

43.     Upon information and belief, at all times relevant to this action, Plaintiffs have each been employed at the CHINA FUN and were Defendants' employees within

the meaning of the FLSA and New York Labor Law.  29 U.S.C. § 203(e); N.Y. Lab. Law § 651(5).

44.     All Plaintiffs held the position of delivery person while employed by Defendants.  The Plaintiffs' primary task was to deliver food from the restaurant premises to locations off the premises, such as customers' homes and places of business.  When not delivering food, Plaintiffs were given secondary tasks such as unpacking goods delivered to the restaurant, cutting and peeling vegetables and foods, distributing the CHINA FUN take-out menus on the streets in the neighborhoods surrounding the CHINA FUN, and/or cleaning tables and mopping the floor.

## Minimum Wage

45.     Both the FLSA and New York State Labor Law requires that employees be paid a minimum wage.  29 U.S.C. § 206; N.Y.Lab. Law § 652.

46.     Plaintiffs regularly worked for Defendants six days a week and as many as sixty-six hours each week during most or all of their employment.

47.     Plaintiffs received wages of approximately $350.00 to $450.00 per month from Defendants, excluding tips.

48.     Prior to July 1, 2007, the CHINA FUN did not have a time clock that recorded the exact amount of time Plaintiffs worked.

49.     On and after July 1, 2007, the CHINA FUN began to ask Plaintiffs to clock-in and clock-out to record their amount of time work.  Defendants, however, manipulated the time records.  When Plaintiffs arrived at work at or about 10 o'clock in the morning on each working day, Plaintiffs could not clock-in by punching the time-card until 11 o'clock in the morning.  Plaintiffs had to clock-out at or about 2 o'clock in the

8

afternoon on each working day and clock-in again at or about 5 o'clock in the afternoon on each working day and clock-out again at or about 9 o'clock in the evening on each working day.

50.     On and after July 1, 2007, the CHINA FUN and "JOHN DOE" and "JANE DOE" ordered Plaintiffs to clock-in and clock-out without respect to the Plaintiffs' actual amount of time worked.

51.     Before Plaintiffs clocked-in at or about 11 o'clock in the morning, Plaintiffs had to start to work on the secondary tasks in the CHINA FUN restaurant without tips or deliver food to customers earning tips.

52.     Between 2 o'clock in the afternoon on each working day when Plaintiffs were ordered by Defendants to clock-out and 5 o'clock in the afternoon on each working day when Plaintiffs were ordered by Defendants to clock-in, Plaintiffs worked without tips any assignments to do secondary tasks work, such as such as unpacking goods delivered to the restaurant, cutting and peeling vegetables and foods, distributing the CHINA FUN take-out menus on the streets in the neighborhoods surrounding the CHINA FUN, and/or cleaning tables and mopping the floor.

53.     After Plaintiffs were ordered by Defendants to clock-out at or about 9 o'clock in the evening on each working day, Plaintiffs had to continue to work as delivery person to deliver food to customers until 10 o'clock in the evening on each working day.

54.     At all times relevant to this action, prior to July 1, 2007, Defendants compensated many or all Plaintiffs by paying them a monthly salary in 15-day intervals.

On or about July 1, 2007, Defendants compensated many or all Plaintiffs by paying them salary every two weeks.

55.     Prior to July 1, 2007, all Plaintiffs received their salary entirely in cash without an accompanying pay stub or receipt.  To receive their payments, most Plaintiffs were required to sign their name in a book provided by Defendants.  On or after July 1, 2007, all Plaintiffs received their salary entirely in check.

56.     Defendants did not notify Plaintiffs of the minimum wage provisions of the FLSA.

57.     Defendants did not notify Plaintiffs of the FLSA tip credit provisions. Defendants did not notify Plaintiffs of Defendants' intention to claim a tip credit against their minimum wage obligations.  Therefore, Defendants were not legally entitled to claim a tip credit under the FLSA in order to meet their minimum wage obligations to Plaintiffs.

58.     The monthly salary or the monthly salary paid in the time interval of every-two weeks by Defendants to Plaintiffs was insufficient to satisfy Defendants' obligation to pay the minimum wage required by the FLSA.  The salary effectively resulted in an hourly wage that was below $5.00 per hour.  In fact, many Plaintiffs received hourly wages of approximately $1.57 per hour.

59.     The monthly salary or the monthly salary paid in the time interval of every-two weeks by Defendants to Plaintiffs was insufficient to satisfy Defendants' obligation to pay the minimum wage required by the New York Labor Law.

## Overtime

60.     The FLSA and New York Labor Law require that Defendants pay an overtime rate of one-and-a-half times the regular rate of pay for each hour of work over forty hours a week.  29 U.S.C. § 207; 12 N.Y.C.R.R. § 137-1.3.

61.     Plaintiffs regularly worked between sixty-six hours each week during most or all of their employment.

62.     Despite the fact that Plaintiffs regularly worked in excess of forty hours a week, Defendants failed to pay Plaintiffs overtime compensation as required by both the FLSA and New York Labor Law.

## Spread of Hours

63.     The "spread of hours" is the number of hours from the time that an employee started working on a particular day until the time that he or she stopped working for the day.  12 N.Y.C.R.R. § 137-3.11.  New York State Department of Labor Regulation § 137-1.7 provides that an employer is required to pay an employee an extra hour of pay at the full minimum wage, without allowances, for each day in which the employee's spread of hours exceeds ten.  *Id.* at § 137-1.7.

64.     Plaintiffs routinely worked a "spread of hours" greater than ten hours per day.

65.     Despite the fact that Plaintiffs routinely worked a "spread of hours" greater than ten hours per day, Defendants did not pay Plaintiffs any additional compensation as required by New York State regulations.

**Unlawful Deductions**

66.     New York Labor Law prohibits employers from making any deductions from an employee's wages except for those permitted by law.  N.Y.Lab. Law § 193(1). Deductions for employer cash shortages and losses are prohibited deductions under New York Labor Law.  12 N.Y.C.R.R. § 137-2.5.

67.     During the course of a shift or working day, Plaintiffs were required to give $1.00 each to Defendants to pay the Defendants' kitchen employees.

68.     At all times relevant to this action, Plaintiffs were required to pay the price of the food delivered to customers if the customers refused to take the delivery.

69.     At all times relevant to this action, Plaintiffs were required to pay $1.00 for each delivery to Defendants as penalty if Plaintiffs could not give back Defendants the invoices or bills that bear the price of the food delivered and the name of the CHINA FUN restaurant.

70.     At all times relevant to this action, Plaintiffs were required to pay penalty in the amount of $50.00 to $100.00 in the event Defendants were not satisfied to the performance by the Plaintiffs' distribution of the CHINA FUN's take-out menus to certain streets or neighborhoods surrounding the CHINA FUN restaurant.

**Lack of Reimbursement**

71.     The FLSA and New York Labor Law prohibit employers from requiring minimum wage employees to purchase the tools of their trade or give any money back to their employers.  29 U.S.C. § 201 *et seq.*; 29 C.F.R. § 531.35; 12 N.Y.C.R.R. § 137-2.5(b).

72.     All Plaintiffs were required to provide bicycles to make deliveries. Plaintiffs were also required to maintain them during their course of employment with the CHINA FUN.

73.     Most Plaintiffs, as a result of irreparable damage or robbery or accident, had to fully replace their bicycles on multiple occasions.

74.     Defendants never supplied Plaintiffs with bicycles, nor did they reimburse Plaintiffs for any maintenance or replacement costs.

**Failure to Post the Notices Required by Law**

75.     The FLSA requires employers to inform employees of the FLSA's wage provisions, including the manner in which the wage for a tipped employee is determined. 29 U.S.C. § 203(m).  The FLSA and New York Labor Law also requires an employer to maintain in the workplace a display containing notices of employees' right to receive the minimum wage and overtime rate of one-and-a-half times their regular rate.  29 C.F.R. § 516.4; 12 N.Y.C.R.R. § 137-2.3.

76.     During the time that Plaintiffs were employed by Defendants, Defendants did not maintain in the workplace a display containing notices of employees' right to receive the minimum wage and overtime payment at a rate of one-and-a-half times their regular rate.

77.     Additionally, Defendants failed to display a copy of §§ 193 and 196-d of New York Labor Law regarding the prohibition on illegal deductions from wages and the illegality of employers demanding or accepting any portion of employees' tips in violation of New York Labor Law.  N.Y.Lab. Law § 198-d.

78.     Finally, Defendants failed to keep full and accurate, and to certain extent manipulated, records of Plaintiffs' hours and wages in violation of the FLSA and New York Labor Law.  29 U.S.C. § 211(c); N.Y.Lab. Law § 661.

### Knowing and Intentional Acts

79.     At all relevant times, Defendants knowingly, intentionally and willfully committed the acts alleged herein.

80.     At all relevant times, Defendants knowingly and willfully operated their business with a policy and practice of not paying either the FLSA overtime rate (of time and one half) or the New York State overtime rate (of time and one-half) to Plaintiffs for work performed over forty (40) hours in a work week.

81.     At all relevant times, Defendants knew that the nonpayment of minimum wage, overtime pay and spread-of-hours pay would financially injure Plaintiffs.

82.     At all relevant times, Defendants knowingly and intentionally took unlawful deductions from Plaintiffs and knowingly and intentionally required Plaintiffs to provide and maintain tools of the trade.

### STATEMENT OF CLAIMS

### COUNT 1

**[Claim for Minimum Wages under the FLSA, 29 U.S.C. §§ 201, *et seq.*]**

83.     Plaintiffs reallege and incorporate by reference all allegations and statements in all preceding paragraphs as if they were fully set forth herein.

84.     At all relevant times, upon information and belief, Defendants were and continue to be the Plaintiffs' employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

85.     At all relevant times, upon information and belief, Defendants were and continue to be the Plaintiffs' employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

86.     Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

87.     Plaintiffs are entitled to be paid at the rate of minimum wages for their hours worked at and within 40 hours per week.

88.     Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiffs the applicable federal minimum wages for each hour worked, in violation of 29 U.S.C. § 206(a).

89.     At all relevant times, upon information and belief, Defendants had a policy and practice of refusing minimum wages at the applicable federal statutory rate of time to Plaintiffs.

90.     Defendants also willfully required Plaintiffs to provide bicycles for the Plaintiffs' work.  The cost of providing these tools further reduced the Plaintiffs' wages below the applicable federal minimum hourly wage in violation of the FLSA, 29 U.S.C. § 206(a), and applicable regulations, specifically 29 C.F.R. § 531.35.

91.     Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional.

92.     Upon information and belief, Defendants failed to make, keep, and preserve records and even manipulate time records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of

employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

93.     Alternatively, records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs are in the possession and custody of Defendants.   Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

94.     Due to the Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and as a direct and proximate result of the Defendants' willful disregard of the FLSA, Plaintiffs are entitled to the equal amount of the unpaid minimum wages in the form of the liquidated damages pursuant to the FLSA, plus the prejudgment interest thereon, all in an amount to be determined at trial.

95.     Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

## COUNT 2

### [Claim for Minimum Wages under the New York Labor Law]

96.     Plaintiffs reallege and incorporate by reference all allegations and statements in all preceding paragraphs as if they were fully set forth herein.

97.     At all times relevant to this action, Defendants were employers within the meaning of New York Labor Law §§ 2(6), 190(3), and 651(6).

98.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2(5) and 651(5).

99.     Defendants willfully failed to record, credit, or compensate Plaintiffs the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law § 652 and applicable regulations.

100.     Defendants also willfully required Plaintiffs to provide bicycles for their work and pay expenses incurred while carrying out duties assigned by Defendants, in violation of 12 N.Y.C.R.R. § 137-2.5.  The costs and expenses paid by these Plaintiffs further reduced the hourly wages that they were paid.

101.     Defendants failed to properly disclose or apprise Plaintiffs of their rights under the New York Labor Law.

102.     Defendants failed to furnish Plaintiffs with a statement with every payment of wages listing gross wages, deductions, and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

103.     Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

104.     Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

105.     Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages

and as a direct and proximate result of the Defendants' willful disregard of the New York Labor Law, Plaintiffs are entitled to the liquidated damages and civil penalties pursuant to New York Labor Law § 663(1), and the New York State Wage Theft Prevention Act, plus the prejudgment interest thereon, all in an amount to be determined at trial.

106.    Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to New York Labor Law § 663(1), *et al.,* and § 198, all in an amount to be determined at trial.

## COUNT 3

**[Claim for Overtime Wages under the FLSA, 29 U.S.C. §§ 201, *et seq.*]**

107.    Plaintiffs reallege and incorporate by reference all allegations and statements in all preceding paragraphs as if they were fully set forth herein.

108.    Throughout the statute of limitations period covered by these claims, Plaintiffs regularly worked in excess of forty (40) hours per workweek.

109.    At all relevant times, upon information and belief, Defendants had a policy and practice of willfully failing and refusing to pay Plaintiffs one and one-half times of their regular rate of pay or, at a minimum, the minimum wages to which Plaintiffs were entitled under 29 U.S.C. § 206(a), for work in excess of forty (40) hours per workweek, in violation of 29 U.S.C. § 207(a)(1).

110.    At all relevant times, upon information and belief, Defendants failed to make, keep, and preserve records as required by the FLSA, and even manipulate time records in violation of the FLSA, even though Plaintiffs have been and are entitled to overtime.

111.    At all relevant time, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs at the required overtime rates, one and one-half times of the applicable federal minimum wages for hours worked in excess of forty (40) hours per workweek, in violation of 29 U.S.C. § 207(a)(1).

112.    Due to the Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and as a direct and proximate result of the Defendants' willful disregard of the FLSA, Plaintiffs are entitled to the equal amount of the unpaid overtime wages in the form of the liquidated damages pursuant to the FLSA, plus the prejudgment interest thereon, all in an amount to be determined at trial.

113.    Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

## COUNT 4

### [Claim for Overtime Wages under the New York Labor Law]

114.    Plaintiffs reallege and incorporate by reference all allegations and statements in all preceding paragraphs as if they were fully set forth herein.

115.    Throughout the statute of limitations period covered by these claims, Plaintiffs regularly worked in excess of forty (40) hours per workweek.

116.    It is unlawful under New York Labor Law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

117.    Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rare of one and one-half times of their

regular rate of pay or, at a minimum, the minimum wage to which Plaintiff were entitled to receive under New York Labor Law § 652, in violation of 12 N.Y.C.R.R. § 137-1.3.

118.    Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and as a direct and proximate result of the Defendants' willful disregard of the New York Labor Law, Plaintiffs are entitled to the liquidated damages and civil penalties pursuant to New York Labor Law § 663(1), and the New York State Wage Theft Prevention Act, plus the prejudgment interest thereon, all in an amount to be determined at trial.

119.    Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to New York Labor Law § 663(1), *et al.,* and § 198, all in an amount to be determined at trial.

## COUNT 5

### [Illegal Pay Deductions and Deductions from Gratuities, New York Labor Law §§ 196-d and 198-b]

120.    Plaintiffs reallege and incorporate by reference all allegations and statements in all preceding paragraphs as if they were fully set forth herein.

121.    Defendants retained portions of the Plaintiffs' tips and distributed them to non-tipped employees.

122.    Defendants retained portions of the Plaintiffs' tips as penalties for the Defendants' own benefits when Plaintiffs failed to take back the invoices for the food deliveries after Plaintiffs delivered food to the CHINA FUN's customers.

123.    Defendants retained portions of the Plaintiffs' tips to pay back the Defendants' food prices when customers refused to take the food deliveries or returned the food deliveries.

124.    Defendants retained the portions of the Plaintiffs' tips as penalties when the Plaintiffs' work of distributing the CHINA FUN's take-out menus on the streets in the neighborhoods surrounding the CHINA FUN failed to generate more take-out food orders.

125.    Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, the liquidated damages and civil penalties pursuant to New York Labor Law § 663(1), and the New York State Wage Theft Prevention Act, plus the prejudgment interest thereon, all in an amount to be determined at trial.

126.    Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to New York Labor Law § 663(1), et al., and § 198, all in an amount to be determined at trial.

## COUNT 6

### [Unjust Enrichment]

127.    Plaintiffs reallege and incorporate by reference all allegations and statements in all preceding paragraphs as if they were fully set forth herein.

128.    Defendants have been enriched by the value of the Plaintiffs' purchase and maintenance of bicycles used to deliver food to restaurant customers.

129.    Defendants have been enriched by the value of the Plaintiffs' payment of expenses incurred in the course of their required duties for Defendants.

130.    The enrichment was at the Plaintiffs' expense because Plaintiffs had to pay for these items and expenses that were required by Defendants and for the Defendants' benefit.

131.   The circumstances were such that equity and good conscience require Defendants to pay Plaintiffs for all the costs they incurred in the purchase and maintenance of the bicycles used for restaurant purposes and the expenses they incurred in the course of completing their required duties for Defendants.

132.   Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs, all in an amount to be determined at trial.

## COUNT 7

**[New York Spread of Hours Provisions, New York Labor Law §§ 650 *et seq.*, and N.Y. Comp. Code R. & Regs. tit. 12, § 137-1.7]**

133.   Plaintiffs reallege and incorporate by reference all allegations and statements in all preceding paragraphs as if they were fully set forth herein.

134.   Plaintiffs regularly worked more than 10 hours in a workday.

135.   Defendants willfully failed and intentionally failed to compensate Plaintiffs one hour's pay at the basic New York minimum hourly wage rate, as required by New York Labor Law.

136.   Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid "Spread of Hours" wages and as a direct and proximate result of the Defendants' willful disregard of the New York Labor Law, Plaintiffs are entitled to the liquidated damages and civil penalties pursuant to New York Labor Law § 663(1), and the New York State Wage Theft Prevention Act, plus the prejudgment interest thereon, all in an amount to be determined at trial.

137.    Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to New York Labor Law § 663(1), *et al.,* and § 198, all in an amount to be determined at trial.

## TOLLING OF STATUTE OF LIMITATIONS

138.    On the ground of equitable tolling, the statutes of limitations for minimum wage and overtime claims asserted by Plaintiffs Hengjin SUN, Xiaohua LU, Qiang MA, Zhongliang QIU, Hui SONG, Jun WANG, Lianhua WEN, Quan YAN, Youqi YANG, Genxiang ZHANG, Junhai ZHANG, Meide ZHANG, Qiuying ZHANG, Weiting ZHAO, Liqiang ZHOU, and Yuhai ZHOU should be tolled until they first became sufficiently aware of their rights to receive minimum wage and overtime under the Fair Labor Standards Act in the end of August, 2012.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully prays for relief as follows:

(a)    An award of unpaid minimum wages due under the FLSA, New York Minimum Wage Act, and New York Labor Law and its regulations;

(b)    An award of unpaid overtimes wages due under the FLSA New York Minimum Wage Act, and New York Labor Law and its regulations;

(c)    An award of liquidated damages as a result of the Defendants' willful failure to pay minimum wages and overtimes wages pursuant to 29 U.S.C. § 216;

(d)    An award of liquidated damages as a result of the Defendants' willful failure to pay minimum wages and overtime wages pursuant to the New York Labor Law;

(e)     An award of liquidated damages and/or civil penalties for the Defendants' failure to pay minimum wages pursuant to the Wage Theft Prevention Act.

(f)     An award of liquidated damages and/or civil penalties for the Defendants' failure to pay overtime wages pursuant to the Wage Theft Prevention Act;

(g)     Award Plaintiffs additional pay for all spread of hours violations;

(h)     An award equitably tolling the statute of limitation period;

(i)     An award of prejudgment and post-judgment interest;

(j)     An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees; and

(k)     Such other and further relief as this Court deems just, proper, and equitable.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by Jury on all issues.

Dated: Flushing, New York
       September 8, 2012

                                      Respectfully submitted,

                                      **LAW OFFICES OF DAVID YAN**

                    By:     _____
                                      David Yan (DY2343)
                                      Law Offices of David Yan
                                      136-20 38th Avenue, Suite 11E
                                      Flushing, New York 11354
                                      Tel:  (718) 888-7788

                                      *Attorney for Plaintiffs*

24