UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ USDS SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____               │
│ DATE FILED:  9/17/15                 │
└─────────────────────────────────────┘
```

HENGJIN SUN, *et al.*,

                    Plaintiffs,

     -v-                                                    No. 12-cv-7135 (RJS)
                                                            OPINION AND ORDER
CHINA 1221, INC. d/b/a CHINA FUN, *et al.*,

                    Defendants.

RICHARD J. SULLIVAN, District Judge:

On August 12, 2015, the Court issued an opinion granting, in substantial part, Defendants'
motion for summary judgment on the issue of equitable tolling.  (Doc. No. 126 ("August
Opinion").)  Specifically, the Court found that Plaintiffs failed to meet their burden of establishing
the need for equitable tolling and, accordingly, narrowed Plaintiffs' claims to the hours worked
during the applicable statute of limitations period.  (*Id.* at 11.)  In addition, because Plaintiffs
Chunlei Wu and Shenglin Liu had no remaining timely claims, the Court dismissed them from this
action.  (*Id.*)

On September 10, 2015, at a status conference that Plaintiffs' counsel failed to attend, the
Court ordered that trial in this action shall commence on November 2, 2015. (Doc. No. 133.)  Now
before the Court is a letter from Plaintiffs, dated September 11, 2015, requesting "permission from
this Court to appeal the Court's August 12, 2015 Order" on the grounds that the August Opinion
was "premature and failed to consider the factor that defendants knowingly and intentionally
submitted a falsified document in support of their motion."  (Doc. No. 132 ("September 11
Letter").)  Plaintiffs further requested that the Court stay the August Opinion "pending trial on
November 2, 2015 so that they can appeal the [Opinion] after the trial."  (*Id.*)  On the same day,

without leave from the Court, Plaintiffs filed a direct appeal of "each and every part" of the August Opinion to the Second Circuit on the grounds that the August Opinion was (i) "a final order" for Plaintiffs Wu and Liu, (ii) "a final order" with respect to the remaining Plaintiffs whose time-barred claims were dismissed, and (iii) "premature" since there were genuine issues of material fact as to whether Plaintiffs had notice of their rights to a minimum wage and whether Defendants knowingly and intentionally submitted a falsified document to the Court.  (Doc. No. 134.)

As an initial matter, the Court notes that the filing of a notice of appeal to the Second Circuit generally "terminates the district court's consideration and control over those aspects of the case that are on appeal" such that any "[a]ctions thereafter taken by the district court are taken without jurisdiction." *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1349 (2d Cir. 1989). However, where "a notice of appeal has been filed from an order that is non-appealable, jurisdiction does not rest with the Court of Appeals but remains with the district court." *Hoffenberg v. United States*, No. 00-cv-1686 (RWS), 2004 WL 2338144, at *2 (S.D.N.Y. Oct. 18, 2004); *see also Leonhard v. United States*, 633 F.2d 599, 610 (2d Cir. 1980) ("[W]e see no efficiency to be gained by allowing a party arbitrarily to halt the district court proceedings by filing a plainly unauthorized notice which confers on this Court the power to do nothing but dismiss the appeal."). Here, because the August Opinion did not "conclusively determine[] the pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision," it does not constitute an appealable final order pursuant to 28 U.S.C. § 1291. *Citizens Accord, Inc. v. Town of Rochester, N.Y.*, 235 F.3d 126, 128 (2d Cir. 2000); *see also* Fed. R. Civ. P. 54(b). As a result, Plaintiffs' mere filing of the notice of appeal does not divest the Court of jurisdiction, and the Court may consider Plaintiffs' September 11 Letter.

Despite the somewhat cryptic language contained in Plaintiffs' September 11 Letter, as well as the fact that Plaintiffs have offered little to no justification or legal authority for their

2

request to immediately appeal the August Opinion, the Court nevertheless construes Plaintiffs'

September 11 Letter to the Court to be either (i) a motion to enter final judgment pursuant to Rule

54(b) of the Federal Rules of Civil Procedure, or (ii) a motion to certify the August Opinion for

interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  For the reasons set forth below, both motions

are DENIED.

## I. RULE 54(b)

As a general matter, the courts of appeals have jurisdiction only over "final decisions of

the district courts."  28 U.S.C. § 1291.  As a result, a decision that "adjudicates fewer than all the

claims or rights and liabilities of fewer than all the parties" is not a final decision that can be

directly appealed.  Fed. R. Civ. P. 54(b).  However, a court may enter partial final judgment of a

decision if "(1) there are multiple claims or parties; (2) at least one claim or the rights and liabilities

of at least one party has been finally determined; and (3) the court makes an 'express determination

that there is no just reason for delay.'"  *Acumen Re Mgmt. Corp. v. Gen. Sec. Nat'l Ins. Co.*, 769

F.3d 135, 140 (2d Cir. 2014) (alterations omitted) (quoting Fed. R. Civ. P. 54(b)).  This decision

is "left to the sound discretion of the district court" and is "to be exercised in the interest of sound

judicial administration."  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (internal

quotation marks omitted).

Here, it is clear that the first requirement of Rule 54(b) has been met since there are multiple

claims and parties in this action.  With respect to the second requirement, however, only the claims

of Plaintiffs Wu and Liu have been fully determined.  For the remaining Plaintiffs, even though

the Court narrowed the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"),

and unjust enrichment claims, these claims have not been fully determined since the issues of

liability and potential damages remain with respect to the hours worked within the statute of

limitations period.  *See Acha v. Beame*, 570 F.2d 57, 62 (2d Cir. 1978) ("Finality, for purposes of

the application of Rule 54(b), is generally understood as that degree of finality required to meet

the appealability requirements of 28 U.S.C. § 1291 . . . , [which] in turn, is usually defined as a

judgment which ends the litigation on the merits and leaves nothing for the court to do but execute

the judgment." (citation and internal quotation marks omitted)).

In addition, with respect to the third requirement, even though Plaintiffs Wu's and Liu's

claims were fully determined as a result of the August Opinion, the Court has clearly *not* made an

"express determination that there is no just reason for delay." *Acumen*, 769 F.3d at 140. Nor

would it. Here, the Court finds that it would be a waste of judicial resources to enter a final

judgment of Wu's and Liu's claims at this time since the remaining Plaintiffs may wish to seek

appellate review of the August Opinion once final judgment has been entered as to their claims.

*See Curtiss-Wright Corp.*, 446 U.S. at 8 (noting that, in deciding whether to enter a partial final

order pursuant to Rule 54(b), a district court must consider "whether the nature of the claims

already determined was such that no appellate court would have to decide the same issues more

than once even if there were subsequent appeals"); *Cullen v. Margiotta*, 618 F.2d 226, 228 (2d

Cir. 1980) ("Judicial economy will best be served by delaying appeal until all issues can be

confronted by this court in a unified package. Such a course is particularly desirable where . . .

the adjudicated and pending claims are closely related and stem from essentially the same factual

allegations."). Accordingly, since the issues related to Plaintiffs Wu's and Liu's claims are

inevitably intertwined with the claims of the Plaintiffs remaining in this action, the Court finds that

the entry of partial final judgment pursuant to Rule 54(b) is not warranted.

## II. 28 U.S.C. § 1292(b)

Even though, as previously noted, the courts of appeals have jurisdiction only over "final

decisions of the district court," 28 U.S.C. § 1291, a district court may certify an immediate appeal

of an interlocutory order if the court finds that (1) the order "involves a controlling question of

law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b). The party seeking an interlocutory appeal has the burden of satisfying these three requirements. *See In re Perry H. Koplik & Sons, Inc.*, 377 B.R. 69, 73 (S.D.N.Y. 2007).

A question of law is "controlling" if (1) "reversal of the district court's opinion could result in dismissal of the action," (2) "reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action," or (3) "the certified issue has precedential value for a large number of cases." *S.E.C. v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000) (citing *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24–25 (2d Cir. 1990); *In re Oxford Health Plans, Inc.*, 182 F.R.D. 51, 54–55 (S.D.N.Y.1998)). As for the second criterion, "[f]or there to be a 'substantial ground for difference of opinion' under the law . . . there must be substantial doubt that the district court's order was correct." *SPL Shipping Ltd. v. Gujarat Cheminex Ltd.*, No. 06-cv-15375 (KMK), 2007 WL 1119753, at *2 (S.D.N.Y. Apr. 12, 2007) (internal quotation marks omitted). The third criterion is primarily concerned with judicial efficiency and is the "most important" of the three factors. *S.E.C. v. Gruss*, No. 11-cv-2420 (RWS), 2012 WL 3306166, at *4 (S.D.N.Y. Aug. 13, 2012). Thus, "it is not enough that the interlocutory appeal would not delay the action; it must advance the time for trial or . . . shorten the time required for trial." *Id.* (internal quotation marks omitted). The three requirements of § 1292(b) are "conjunctive, not disjunctive," and courts may only certify an interlocutory appeal where all three are satisfied. *Id.* at *1 (internal quotation marks omitted). And even where the statutory criteria *are* met, "district court judges have broad discretion to deny certification." *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 370–71 (S.D.N.Y. 2008) (internal quotation marks omitted). Indeed, "only exceptional circumstances [will] justify a departure from

5

the basic policy of postponing appellate review until after the entry of a final judgment."
*Klinghoffer*, 921 F.2d at 25 (internal quotation marks omitted).  The Second Circuit has noted that
"Congress passed 28 U.S.C. § 1292(b) primarily to ensure that the courts of appeals would be able
to 'rule on . . . ephemeral question[s] of law that m[ight] disappear in the light of a complete and
final record.'"  *Weber v. U.S. Trustee*, 484 F.3d 154, 159 (2d Cir. 2007) (internal quotation marks
omitted).  Therefore, an interlocutory appeal is "'a rare exception' where, in the discretion of the
district judge, it 'may avoid protracted litigation.'"  *In re World Trade Ctr. Disaster Site Litig.*,
469 F. Supp. 2d 134, 144 (S.D.N.Y. 2007) (quoting *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d
863, 865–66 (2d Cir. 1996)).  Consequently, "federal practice strongly disfavors discretionary
interlocutory appeals [as they] prolong judicial proceedings, add delay and expense to litigants,
burden appellate courts, and present issues for decisions on uncertain and incomplete records,
tending to weaken the precedential value of judicial opinions."  *Id.*

Here, the Court finds that Plaintiffs have failed to meet any of the three requirements of
§ 1292(b).  First, the August Opinion does not constitute a controlling question of law since it is
impossible to disentangle the fact-intensive inquiry into whether Plaintiffs satisfied their burden
of demonstrating the need for equitable tolling from any pure question of *law*.  *See In re Worldcom,
Inc.*, No. M-47 (HB), 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003) (noting that a
controlling question of law "must refer to a pure question of law that the reviewing court could
decide quickly and cleanly without having to study the record" (internal quotation marks omitted));
*Abortion Rights Mobilization, Inc. v. Regan*, 552 F. Supp. 364, 366 (S.D.N.Y. 1982) (noting that
granting an interlocutory appeal is not appropriate for "securing early resolution of disputes
concerning whether the trial court properly applied the law to the facts").  In addition, the issue of
whether Defendants falsified a certain document and whether that should have affected the Court's

equitable tolling analysis would similarly be a fact-intensive inquiry and not present a pure question of law.

Furthermore, the August Opinion does not constitute a *controlling* question of law, since a reversal of the Court's opinion would neither terminate this action nor significantly affect the conduct in this litigation.  While reversal of the August Opinion would, to be sure, expand the time period for Plaintiffs' FLSA, NYLL, and unjust enrichment claims, the same could be said of virtually any partial summary judgment ruling.  Clearly, more is required to demonstrate a controlling question of law.  *See Century Pac., Inc.*, 574 F. Supp. 2d at 372 ("While reversal of the Order may very well simplify this action or alter its course, that result would be no different from any case where a court granted summary judgment on a set of claims and denied summary judgment with respect to the counterclaims.").  Nor can it be argued that the issue sought to be appealed – the highly fact-specific inquiry into whether Plaintiffs were entitled to equitable tolling for their otherwise time-barred claims – would have "precedential value for a large number of cases." *Credit Bancorp*, 103 F. Supp. 2d at 227.

Second, the Court finds that there is no "substantial doubt" that the August Opinion was correct.  Based on the specific facts of this case, including the fact that at least one Plaintiff acknowledged that he was able to learn about his legal rights through the Chinese media, the Court concluded that Plaintiffs in this action failed to meet their burden of demonstrating the need for equitable tolling because they provided *no* evidence that they diligently pursued their claims or that there were extraordinary circumstances that prevented them from timely filing their claims. (August Opinion 10–11.)  As mentioned in the August Opinion, this conclusion was consistent with decisions of other courts within this district and in no way undermined by the cases cited by Plaintiffs, which were distinguishable based on their distinct facts. (*See id.* at 9–11.)  Accordingly, the Court finds that there is not substantial doubt that the August Opinion was correct. *See In re*

*Lehman Bros. Holdings Inc.*, No. 13-cv-2211 (RJS), 2014 WL 3408574, at *2 (S.D.N.Y. June 30, 2014) ("The existence of a small number of . . . court opinions to the contrary – especially opinions based on reasoning that the Court has already determined is unpersuasive – does not create a 'substantial doubt' that the Court's opinion was correct.").[1]

Third, the Court finds that permitting an interlocutory appeal would not advance the ultimate termination of the litigation. To the contrary, it would likely have the opposite effect. As noted above, the Court has already set a trial date for November 2, 2015 in this three-year-old case. As a result, Plaintiffs' attempt to file an interlocutory appeal – without justification or the proper permission of the Court – seems likely to delay the trial date, with the result that the parties might have to wait many more months before proceeding to a trial on the merits. *See Century Pac., Inc.*, 574 F. Supp. 2d at 373 (finding that an interlocutory appeal would not materially advance the termination of litigation where the plaintiffs failed to demonstrate that an immediate appeal "would result in the saving of judicial resources or otherwise avoid protracted litigation" and where it was likely that the "granting of an immediate appeal [would] have the opposite effect [of] prolonging litigation"); *see also In re 650 Fifth Ave.*, No. 08-cv-0934 (RJH), 2012 WL 363118, at *7 (S.D.N.Y. Feb. 2, 2012) (noting that while the court "is not unsympathetic to the concern that significant aspects of this case may need to be relitigated if the Court's Order is found to be erroneous on an appeal," the more relevant consideration "is whether immediate appellate review would speed the District Court's consideration of the merits of the parties' claims or defenses").

---

[1] Plaintiffs make much of the Court's alleged failure to consider Defendants' allegedly knowing and intentional submission of "a falsified document in support of their [summary judgment] motion." (September 11 Letter.) This assertion is belied by the August Opinion itself, in which the Court expressly acknowledged the document in question and indicated that it would not rely on it. (August Opinion at 5 n.3.) In any event, the document did nothing to alter the Court's conclusion that there was sufficient evidence to demonstrate that Plaintiffs were aware of their legal rights and, therefore, not entitled to equitable tolling. (*See id.* at 7–10 (noting that Plaintiffs were aware of the facts underlying their claims, Plaintiffs had notice of their claims, and at least one Plaintiff learned about his rights through the Chinese media).)

In short, Plaintiffs' motion for an interlocutory appeal is wholly unwarranted and threatens to lengthen the proceedings. Since the Court's August Opinion is qualitatively indistinguishable from most orders granting partial summary judgment on the grounds of time bar, Plaintiffs have failed to demonstrate the exceptional circumstances required under § 1292(b). *See In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) ("[O]nly exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." (alterations and internal quotation marks omitted)). As a result, the Court denies Plaintiffs' motion to certify an interlocutory appeal.

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT Plaintiffs' motion – whether construed as a request for entry of a final judgment pursuant to Rule 54(b) or a request for an interlocutory appeal pursuant to § 1292(b) – is DENIED. IT IS FURTHER ORDERED THAT Plaintiffs' alternative request for a "stay" of the August Opinion "pending trial" is likewise DENIED. As previously ordered, the parties shall appear for trial on November 2, 2015, and, in preparation for trial, the parties shall comply with the deadlines set forth in the Court's September 10, 2015 Order. (Doc. No. 133.)

SO ORDERED.

Dated:        September 17, 2015
              New York, New York

                                        _____
                                        RICHARD J. SULLIVAN
                                        UNITED STATES DISTRICT JUDGE