UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HENGJIN SUN, *et al.*,

Plaintiffs,

-v-

CHINA 1221, INC. d/b/a CHINA FUN,

Defendant.

---

No. 12-cv-7135 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

On October 23, 2015, the parties appeared for a final pretrial conference in this matter and agreed to proceed to trial on a test case involving Plaintiffs Hengjin Sun, Youqi Yang, and Hui Song (the "Trial Plaintiffs") on their claims brought under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). (Doc. No. 181.) The parties further agreed that the remaining eighteen Plaintiffs (the "Remaining Plaintiffs") would be "bound by the result of that trial." (*Id.*) In addition, the parties stipulated that a jury verdict in the Trial Plaintiffs' favor would result in the Court "decid[ing] damages for the [Remaining Plaintiffs] based on start dates and end dates and hours worked claimed by the [P]laintiffs." (Doc. No. 203 at 21:23–22:1.)

Between November 2, 2015 and November 9, 2015, the Court held a jury trial with the Trial Plaintiffs on seven causes of action: (1) minimum wage violations under the FLSA, 29 U.S.C. § 206 ("FLSA Min. Wage"); (2) minimum wage violations under NYLL § 652 ("NYLL Min. Wage"); (3) unpaid overtime under the FLSA, 29 U.S.C. § 207 ("FLSA OT"); (4) unpaid overtime under NYLL, 12 N.Y.C.R.R. § 146–1.4 (effective Jan. 1, 2011); 12 N.Y.C.R.R. § 137-1.3 (repealed effective Jan. 1, 2011) ("NYLL OT"); (5) unlawful deductions under NYLL § 193(1); (6) spread-of-hours violations under NYLL, 12 N.Y.C.R.R. § 146–1.6(a) (effective Jan. 1, 2011); 12 N.Y.C.R.R. § 137-1.7 ("NYLL SOH") (repealed effective Jan. 1, 2011); and (7) wage

statement violations brought under the Wage Theft Prevention Act, NYLL §§ 195, 198-d ("NYLL Wage Stmt.").  On November 7, 2015, the Court granted Defendants' motion for judgment as a matter of law on Plaintiffs' claims against Defendants Felix Wu, Dorothea Wu, and Albert Wu. (Doc. No. 194.)  On November 9, 2015, the jury rendered a verdict in favor of the Trial Plaintiffs on all claims, except the fifth cause of action.  (Doc. No. 202.)  Furthermore, because the jury found that Defendant's FLSA violations were willful (*see id.*), the jury awarded damages pursuant to the three-year statute of limitations for Plaintiffs' FLSA claims.  29 U.S.C. § 255(a).[1]  The following table represents the jury's compensatory damages awards with respect to each Trial Plaintiff:

| Trial Plaintiff | FLSA Min. Wage | NYLL Min. Wage | FLSA OT | NYLL OT | NYLL SOH | NYLL Wage Stmt. |
|---|---|---|---|---|---|---|
| **Sun** | $13,508 | $33,638 | $6,308 | $14,003 | $5,000 | $2,500 |
| **Yang** | $2,860 | $10,648 | $1,080 | $4,752 | $2,000 | $2,500 |
| **Song** | $0 | $14,652 | $0 | $5,628 | $1,500 | $2,500 |

On December 4, 2015, the Court struck the jury's finding with respect to Trial Plaintiffs Yang and Song's seventh cause of action for wage statement violations since both employees had left China Fun before April 9, 2011, which was the date the Wage Theft Prevention Act became effective.  (Doc. No. 228 at 3–4.)  Now before the Court are the parties' rival proposals for damages with respect to the Trial Plaintiffs and Remaining Plaintiffs.  For the reasons stated below, the Court rules on the legal issues presented in these proposals, awards damages to the Trial Plaintiffs, and sets forth the procedure for determining the Remaining Plaintiffs' damages.

---

[1] "The FLSA generally provides for a two-year statute of limitations on actions to enforce its provisions, but allows a three-year limitations period for a cause of action arising out of a willful violation."  *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 563 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).  Accordingly, the jury awarded damages based on FLSA violations between September 21, 2009 and September 21, 2012 with respect to Trial Plaintiffs Sun and Yang.  (Doc. No. 202.)

I. DUPLICATIVE COMPENSATORY DAMAGES[2]

Defendant first argues that the Court should revise the jury's damages award to prevent Plaintiffs from "recover[ing] minimum wage and overtime damages under both the FLSA and New York law for the same period of time."  (Doc. No. 229 at 2.)  Indeed, the Court instructed the jury members not to "concern yoursel[ves] with whether one verdict may duplicate another verdict. . . .   After you return the verdicts on all plaintiffs, the Court will then consider whether any verdict duplicates any other verdicts, and, if so, what action should be taken."  (Doc. No. 226 at 528:1–7.)

The law in this Circuit is clear:  "Obviously, plaintiffs are not entitled to recover twice" under both the FLSA and NYLL "for the same injury."  *Cao v. Wu Liang Ye Lexington Rest., Inc.*, No. 08-cv-3725 (DC), 2010 WL 4159391, at *2 n.2 (S.D.N.Y. Sept. 30, 2010); *see also, e.g.*, *Maldonado v. La Nueva Rampa, Inc.*, No. 10-cv-8195 (LLS) (JLC), 2012 WL 1669341, at *5 (S.D.N.Y. May 14, 2012) ("Plaintiffs may not recover under both NYLL and the FLSA for the same injury."); *Jiao v. Shi Ya Chen*, No. 03-cv-0165 (DF), 2007 WL 4944767, at *17 (S.D.N.Y. Mar. 30, 2007) (same).  Where, as here, "a plaintiff is entitled to damages under both federal and state wage law," the Court has discretion to award Plaintiffs damages under the statute providing the greatest amount of relief.  *Jiao*, 2007 WL 4944767, at *17.  Here, the FLSA provides the greatest amount of relief for the overlapping minimum wage and overtime claims that accrued after September 21, 2009 because, as discussed further below, it permits recovery of liquidated

---

[2] In deciding this motion, the Court considered Defendant's damages proposal and accompanying declaration and exhibits (Doc. No. 229), Plaintiffs' damages proposal and accompanying declaration and exhibits (Doc. Nos. 230, 231), Plaintiffs' response to Defendant's proposal (Doc. No. 234), Defendant's response to Plaintiffs' proposal and accompanying declaration and exhibits (Doc. No. 235), and the transcript from the conference held on December 22, 2015 (Doc. No. 239).

damages in a sum equal to the full amount of unpaid wages for all relevant years.  *See Jiao*, 2007 WL 4944767, at *17.[3]

Nonetheless, Plaintiffs are still entitled to "non-overlapping damages" under NYLL – in other words, damages Plaintiffs incurred under NYLL for claims that accrued between September 21, 2006 and September 21, 2009, which are timely under NYLL, but not the FLSA.  *See Cao*, 2010 WL 4159391, at *3.  Therefore, the Court will award the full amount of Plaintiffs' FLSA damages, and, in order to calculate Plaintiffs' NYLL damages, the Court will subtract the total FLSA damages award from the total NYLL damages award.  *See id.* (subtracting the FLSA damages from the NYLL damages to calculate the NYLL damages); *Pinzon v. Paul Lent Mech. Sys., Inc.*, No. 11-cv-3384 (DRH) (WDW), 2012 WL 4174725, at *2 (E.D.N.Y. Aug. 21, 2012) (same), *report and recommendation adopted*, 2012 WL 4174410 (E.D.N.Y. Sept. 19, 2012).  Thus, with respect to Trial Plaintiffs Sun and Yang, who brought timely claims under both the FLSA and NYLL, their jury awards should be modified as listed below:

| Trial Plaintiff | FLSA Min. Wage | NYLL Min. Wage | FLSA OT | NYLL OT | NYLL SOH | NYLL Wage Stmt. |
|---|---|---|---|---|---|---|
| Sun | $13,508 | $20,130 | $6,308 | $7,695 | $5,000 | $2,500 |
| Yang | $2,860 | $7,788 | $1,080 | $3,672 | $2,000 | $0 |
| Song | $0 | $14,652 | $0 | $5,628 | $1,500 | $0 |

## II.  LIQUIDATED DAMAGES

The Court next turns to Plaintiffs' eligibility to recover liquidated damages.  "Under the FLSA, a plaintiff who demonstrates that he was improperly denied either minimum wage or overtime wages may recover, in addition to reimbursement of these unpaid wages, an equal amount

---

[3] Between September 21, 2009, the date Sun's and Yang's FLSA claims first became timely, through March 1, 2012 and February 25, 2010, the dates the two employees respectively stopped working for Defendant, the minimum wage under both the FLSA and NYLL was $7.25.  *See* 29 U.S.C. § 206(a)(1)(C); NYLL § 652(1); (*see also* Doc. No. 226 at 504:24–505:1, 512:2–3).  Plaintiffs were also entitled to the same overtime under the two statutes, which both require that employees "be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week."  *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013).

as liquidated damages." *Yuquilema v. Manhattan's Hero Corp.*, No. 13-cv-461 (WHP) (JLC), 2014 WL 4207106, at *7 (S.D.N.Y. Aug. 20, 2014) (citing 29 U.S.C. § 216(b)), *report and recommendation adopted*, No. 13-cv-461, 2014 WL 5039428 (S.D.N.Y. Sept. 30, 2014); *see also Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008).   A Court has discretion, however, to deny employees liquidated damages "where the employer shows that, despite its failure to pay appropriate wages, it acted in subjective 'good faith' with objectively 'reasonable grounds' for believing that its acts or omissions did not violate the FLSA." *Barfield*, 537 F.3d at 150.

While NYLL also provides for liquidated damages for wage-claim violations, *e.g.*, *Santana v. Brown*, No. 14-cv-4279 (LGS), 2015 WL 4865311, at *4–5 (S.D.N.Y. Aug. 12, 2015), for violations that occurred prior to November 24, 2009, an employee must establish "that [the] employer's violation was willful," *Galeana v. Lemongrass on Broadway Corp.*, 120 F. Supp. 3d 306, 317–18 (S.D.N.Y. 2014), and can only recover liquidated damages in the amount of 25% of the total unpaid wages for violations before April 9, 2011, *Begum v. Ariba Disc., Inc.*, No. 12-cv-6620 (DLC), 2015 WL 223780, at *5 (S.D.N.Y. Jan. 16, 2015).   However, an amendment to NYLL, effective November 24, 2009, "incorporated the federal standard" and shifted the burden of proving good faith to the employer.  *Galeana*, 120 F. Supp. 3d at 317; *see also* NYLL § 198(1-a) (permitting liquidated damages unless "the employer proves a good faith basis for believing that its underpayment of wages was in compliance with the law").   Another amendment to NYLL, effective April 9, 2011, authorized liquidated damages amounting to 100% of the total unpaid wages for violations thereafter.  *See* NYLL § 663(1); *see also Pinzon*, 2012 WL 4174725, at *4 & n.1 (denying retroactive application of the amended NYLL liquidated damages provisions); *McLean v. Garage Mgmt. Corp.*, No. 09-cv-9325 (DLC), 2012 WL 1358739, at *9 (S.D.N.Y. Apr.

19, 2012) (same).  Liquidated damages are not available on NYLL's wage-statement penalties. *Chen*, 2015 WL 5710320, at *7.

The parties dispute whether Plaintiffs can recover cumulative liquidated damages under both the FLSA and NYLL for the minimum-wage and overtime violations that occurred during the same period.  (*Compare* Doc. No. 234 at 5, *with* Doc No. 229 at 4.)  Several judges in this district, including this one, have awarded cumulative liquidated damages under both the FLSA and NYLL because the statutes' liquidated damages provisions serve different purposes.  *Ling Nan Zheng v. Liberty Apparel Co.*, No. 99-cv-9033 (RJS), 2009 WL 1383488, at *1 (S.D.N.Y. May 18, 2009); *see also Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 261 (S.D.N.Y. 2008).  Specifically, judges have found that liquidated damages under the FLSA are compensatory, while liquidated damages under NYLL are punitive because they are designed "to deter an employer's willful withholding of wages due."  *Ling Nan Zheng*, 2009 WL 1383488, at *1 (citation and quotation marks omitted).

However, the above-cited cases involved pre-2009 conduct, and the New York Legislature's 2009 and 2011 reforms have spawned "an emerging trend towards denying a cumulative recovery of liquidated damages" under the FLSA and NYLL.  *Santana*, 2015 WL 4865311, at *5 (citation and quotation marks omitted).  Put another way, the 2009 and 2011 amendments "bring the two statutes more directly in line with one another," *McGlone v. Contract Callers Inc.*, 114 F. Supp. 3d 172, 174 (S.D.N.Y. 2015), since both entail substantively similar "good faith" standards and award 100% liquidated damages.  *Id.*; *see also Inclan v. N.Y. Hosp. Grp., Inc.*, 95 F. Supp. 3d 490, 505 (S.D.N.Y. 2015).  "Because both forms of liquidated damages serve the same purpose and have the same practical effect of deterring wage violations *and* compensating underpaid workers," *Chen v. New Fresco Tortillas Taco LLC*, No. 15-cv-2158 (RA) (AJP), 2015 WL 5710320, at *7 (S.D.N.Y. Sept. 25, 2015), NYLL's recent amendments "have

undermined the basis," such as it was, for distinguishing between FLSA's and NYLL's liquidated damages provisions, *Inclan*, 95 F. Supp. 3d at 506.  In the absence of appellate authority on the subject, *Santana*, 2015 WL 4865311, at *5, the Court joins the emerging jurisprudential trend and finds that an employee may not recover cumulative liquidated damages under both the FLSA and NYLL for overlapping claims after November 24, 2009.

Defendant also argues that the Court should not award liquidated damages for Defendant's minimum wage violations that took place after June 11, 2007 because of Defendant's "good faith and objective reasonableness in complying with the tip credit requirements since" that date.  (Doc. No. 229 at 4–5.)  However, the Court declines Defendant's request, since the jury clearly found that Defendant's minimum wage violations were willful.  (Doc. No. 202.)  Indeed, Defendant and its counsel had ample opportunity to present evidence and make arguments to the jury regarding Defendant's lack of willfulness; the jury rejected these arguments and concluded that Defendant's time records, even those after June 11, 2007, were false and maintained for the purpose of misleading the Department of Labor.  Quite simply, if the jury had credited Defendant's witnesses and time records, it could not have returned a verdict in Plaintiff's favor.  Thus, the Court cannot credit Defendant's arguments that it believed in good faith that it was complying with federal and state law.

Accordingly, to calculate liquidated damages, the Court will award 100% liquidated damages on Trial Plaintiffs' timely FLSA claims, which are any claims that accrued between September 21, 2009 and September 21, 2012.  Trial Plaintiffs may also recover 25% liquidated damages on their NYLL claims for minimum-wage and overtime violations that accrued prior to November 24, 2009.  To calculate this amount, the Court estimates the percentage of each Trial Plaintiff's timely minimum wage and overtime claims that accrued between September 21, 2006 and November 24, 2009, and awards 25% of that amount.  The Court also awards liquidated

damages on all of Plaintiffs' spread-of-hours claims brought pursuant to NYLL, since there are no overlapping federal spread-of-hours claims. The Court awards 25% liquidated damages on timely spread-of-hours claims that accrued prior to April 9, 2011. To calculate this amount, the Court estimates the percentage of each Trial Plaintiff's timely spread-of-hours claims that accrued between September 21, 2006 and April 11, 2011, and awards 25% of that amount as liquidated damages. The Court also awards 100% liquidated damages on the portion of each Trial Plaintiff's spread-of-hours claims that accrued after April 9, 2011.

With respect to Trial Plaintiff Sun, the Court awards 100% liquidated damages on his timely FLSA claims, totaling $19,816. The Court also awards Trial Plaintiff Sun 25% liquidated damages on his NYLL claims for minimum-wage and overtime violations that accrued prior to November 24, 2009. To calculate this amount, the Court estimates that 58.4% of Trial Plaintiff Sun's timely minimum-wage and overtime claims accrued between September 21, 2006 and November 24, 2009, totaling $27,808.55 and awards 25% of that amount, $6,952, in liquidated damages. The Court also awards 25% liquidated damages on Plaintiff Sun's timely spread-of-hours claims that accrued prior to April 9, 2011. To calculate this amount, the Court estimates that 83.6% of Trial Plaintiff Sun's compensatory damages on his timely spread-of-hours claims accrued between September 21, 2006 and April 9, 2011, totaling $4,175.47, and the Court awards 25% of that amount, $1,043.87, in liquidated damages. The Court also awards 100% liquidated damages on the estimated 16.4% of Trial Plaintiff Sun's spread-of-hours claims that accrued after April 9, 2011, totaling $824.53. Thus, the Court awards a total of $8,820.54 in liquidated damages under NYLL.

With respect to Trial Plaintiff Yang, the Court awards 100% liquidated damages on his timely FLSA claims, totaling $3,940. The Court also awards Trial Plaintiff Yang 25% liquidated damages on his NYLL claims for minimum-wage and overtime violations that accrued prior to

November 24, 2009.  To calculate this amount, the Court estimates that 77.4% of his timely minimum-wage and overtime claims accrued between September 21, 2006 and November 24, 2009, totaling $11,926.25, and awards 25% of that amount, $2,981.54, in liquidated damages.  The Court also awards 25% liquidated damages on Plaintiff Yang's timely spread-of-hours claims that accrued prior to April 9, 2011.  Since Plaintiff Yang's timely-spread-of-hours claims totaled $2,000, it awards 25% of that amount, $500, in liquidated damages.  None of Plaintiff Sun's spread-of-hours claims accrued after April 9, 2011.  Thus, the Court awards Trial Plaintiff Yang a total of $3,481.54 in liquidated damages under NYLL.

With respect to Trial Plaintiff Song, he is not entitled to liquidated damages under FLSA because he did not bring timely FLSA claims.  All of his minimum-wage, overtime, and spread-of-hours claims under NYLL, totaling $21,780, accrued prior to November 24, 2009.  Trial Plaintiff Song will therefore be awarded liquidated damages amounting to 25% of that amount, totaling $5,445.  Thus, the total amount of liquidated damages awarded to the Trial Plaintiffs is:

|  | FLSA Liquidated Damages | NYLL Liquidated Damages |
|---|---|---|
| **Sun** | $19,816.00 | $8,820.54 |
| **Yang** | $3,940.00 | $3,841.54 |
| **Song** | $0 | $5,445.00 |

### III.  PREJUDGMENT INTEREST

Defendant argues that Plaintiffs may not obtain prejudgment interest under the FLSA. (Doc. No. 229 at 5.)  The Court agrees with Defendant.  An employee may not recover "prejudgment interest on any portion of their recovery for which they have been awarded federal liquidated damages," since liquidated damages under the FLSA "are considered compensatory in nature and thus serve as a form of pre-judgment interest."  *Yuquilema*, 2014 WL 4207106, at *11 (citations and quotation marks omitted).  Accordingly, because the Court awards liquidated

damages on both of Plaintiffs' FLSA claims, Plaintiffs may not also recover prejudgment interest on any amount received as a consequence of their FLSA claims.

Defendant concedes, however, that Plaintiffs are entitled to prejudgment interest on compensatory damages awarded pursuant to NYLL. (Doc. No. 229 at 5.) Writing nearly two decades ago, the Second Circuit recognized that courts may award prejudgment interest on non-overlapping NYLL wage claims even where a plaintiff also received liquidated damages. *Reilly v. Natwest Mkts. Grp. Inc.,* 181 F.3d 253, 265 (2d Cir. 1999); *see also Najnin v. Dollar Mountain, Inc.*, No. 14-cv-5758 (WHP), 2015 WL 6125436, at *4 (S.D.N.Y. Sept. 25, 2015). The Second Circuit concluded that the two remedies were not duplicative because liquidated damages under NYLL served as a penalty, while prejudgment interest under NYLL was compensatory. *Reilly*, 181 F.3d at 265. The Court questions the vitality of the Second Circuit's holding in *Reilly* in light of the New York legislature's 2009 and 2011 reforms, which have eroded the distinctions between the FLSA's and NYLL's liquidated damages provisions, such that they both serve compensatory purposes. *Chen,* 2015 WL 5710320, at *7; *Inclan*, 95 F. Supp. 3d at 506. If, as numerous courts have concluded, liquidated damages under the FLSA "serve as a form of pre-judgment interest," *Yuquilema*, 2014 WL 4207106, at *11, so too do liquidated damages under NYLL as a result of the 2009 and 2011 reforms. However, because Defendant has conceded that Plaintiffs are entitled to prejudgment interest under NYLL, and since nearly all non-overlapping NYLL wage claims are based on injuries that took place prior to the legislature's reform in November 2009, the Court grants Plaintiffs pre-judgment interest on their non-overlapping NYLL minimum wage, overtime, and spread-of-hours claims, even though they have also recovered liquidated damages.

Accordingly, the Court grants the Trial Plaintiffs prejudgment interest on their non-overlapping NYLL wage claims at a simple rate of 9% per year. CPLR § 5004; *see also Castellanos v. Mid Bronx Cmty. Hous. Mgmt. Corp.*, No. 13-cv-3061 (JGK), 2014 WL 2624759,

at *6 (S.D.N.Y. June 10, 2014).   Where, as here, Plaintiffs' "damages were incurred at various times," prejudgment interest is calculated "from a 'single reasonable intermediate date.'"   *Tackie v. Keff Enters. LLC*, No. 14-cv-2074 (JPO), 2014 WL 4626229, at *6 (S.D.N.Y. Sept. 16, 2014) (quoting CPLR § 5001(b)).   Courts applying NYLL in wage-and-hour cases "often choose the midpoint of the plaintiff's employment within the limitations period."   *Id.* (collecting cases). Accordingly, the Court will award prejudgment interest on each Plaintiff's NYLL wage claims in the amount of 9% per year, starting from the midpoint of each Plaintiff's employment within the limitations period, through the date of judgment, April 19, 2016.   *Id.*   However, as stated earlier, the Court will only permit prejudgment interest on Plaintiffs' NYLL wage claims that do not overlap with their FLSA claims.   *Id.*; *Chen*, 2015 WL 5710320, at *9.

Applying these standards to Trial Plaintiff Sun's claims for prejudgment interest, the Court finds that Sun's claims became timely starting on September 21, 2006, and that he worked for Defendant until March 1, 2012.   The mid-point between these two dates is June 9, 2009, 6.86 years before the judgment.   Having been awarded a total of $32,825 for wages owed under non-overlapping NYLL claims, Trial Plaintiff Sun is also owed $20,275.06 in prejudgment interest. As for Trial Plaintiff Yang:  he worked for Defendant from April 1, 2008 through February 25, 2010.   The midpoint between these two dates is March 15, 2009, 7.10 years before the judgment. Having been awarded $13,460 for his non-overlapping wage claims brought under NYLL, Trial Plaintiff Yang is also owed $8,605.92 in prejudgment interest.   With respect to Trial Plaintiff Song, his claims became timely starting on September 21, 2006, and he stopped working for Defendant on October 17, 2008.   The mid-point between those dates is October 5, 2007, 8.55 years before the judgment.   Having been awarded a total of $21,780 for his non-overlapping wage claims brought under NYLL, Trial Plaintiff Song is now owed $16,755.68 in prejudgment interest.   Accordingly, the total amount of prejudgment interest for the Trial Plaintiffs is as follows:

|  | Start Date | End Date | Midpoint Date | Years from Midpoint to Judgment | Unpaid Wages (NYLL) | Prejudgment Interest (NYLL) |
|---|---|---|---|---|---|---|
| **Sun** | 9/21/2006 | 03/01/2012 | 6/11/2009 | 6.86 | $32,825 | $20,275.06 |
| **Yang** | 04/01/2008 | 02/25/2010 | 3/15/2009 | 7.10 | $13,460 | $8,605.92 |
| **Song** | 9/21/2006 | 10/17/2008 | 10/5/2007 | 8.55 | $21,780 | $16,755.68 |

IV.  EXTRAPOLATION OF DAMAGES TO REMAINING PLAINTIFFS

The Court next turns to the Remaining Plaintiffs' damages.  Pursuant to the parties' pre-trial stipulation, the Court is responsible for resolving any issues regarding "the number of hours worked, the period of employment, and liquidated damages and fees."  (Doc. No. 181.)  Thus, the Court must resolve all issues of fact and law concerning the Remaining Plaintiffs' damages.

In its damages proposal, Defendant disputes the employment dates for nearly half of the remaining Plaintiffs and submits a declaration from Defendant's general manager, Alice Chen, with accompanying exhibits consisting of Defendant's employee records.  (*See* Doc. No. 229 at 6; Doc. No. 229, Ex. 2 ("Chen Decl.").)  In fact, Defendant asserts that seven of the Remaining Plaintiffs are not entitled to *any* damages, either because they *never* worked for Defendant or because their work dates fall outside of the limitations period.  (*Id.*)  Defendant also asserts that certain Remaining Plaintiffs were, in fact, paid at or above minimum wage.  (*Id.*)  In response, Plaintiffs argue that each Remaining Plaintiff is entitled to recover based on the start and end dates asserted in the Amended Complaint.  (Doc. No. 234 at 4.)  Plaintiffs also urge the Court to strike the Chen Declaration and its accompanying exhibits because the jury found her testimony not to be credible and because, with trial having ended, the Court should not admit any additional evidence into the record.  (*Id.*)

Here, the jury has already reached a verdict in Trial Plaintiffs' favor, notwithstanding Defendant's heavy reliance on its internal records and Ms. Chen's testimony at trial.  Accordingly, the Court will not credit them.  Furthermore, in light of Trial Plaintiffs' favorable verdict, the Court

presumes that the employment dates averred by the Remaining Plaintiffs are accurate. However, the Court will afford Defendant a limited opportunity to submit additional evidence regarding the Remaining Plaintiffs' employment dates. Specifically, Defendant may come forward with evidence, if any, other than the testimony from Ms. Chen or its own employment records, that would establish that a Remaining Plaintiff's representation of his employment dates amounts to bad faith or a fraud upon the Court. *See Passlogix, Inc. v. 2FA Tech., LLC*, 708 F. Supp. 2d 378, 394 (S.D.N.Y. 2010) ("The Court has inherent authority 'to conduct an independent investigation in order to determine whether it has been the victim of fraud.'" (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44 (1991)). For example, if Defendant can establish that a Remaining Plaintiff was not living in or near New York City or was physically incapacitated at the time she claims to have worked for Defendant, the Court will consider denying that Remaining Plaintiff damages. The Court will also permit Plaintiffs the opportunity to respond to any evidence submitted by Defendant. Unless Defendant can point to such evidence, the Court will award judgment and damages to each Remaining Plaintiff consistent with the jury's verdict, the Court's subsequent orders, and the time period each Remaining Plaintiff attests to having worked.

Finally, the Court agrees with Defendant that the jury cannot possibly have credited the Trial Plaintiffs' testimony that they worked approximately sixty-six hours per week while being paid $450 per month, since such a finding would have resulted in a substantially larger damages award for each Trial Plaintiff. (Doc. No. 235 at 2.) The Court thus rejects Plaintiffs' proposal that it assume each Remaining Plaintiff worked 66 hours per week and was paid $450 per month in apportioning damages. (Doc. No. 232 at 4, 9.) Instead, after determining each Remaining Plaintiff's work dates, the Court will take the annual average of timely FLSA and NYLL minimum wage, overtime, and spread-of-hours compensatory damages for the Trial Plaintiffs, multiply that amount based on the number of years each Remaining Plaintiff worked for Defendant, and award

that amount as compensatory damages, as set forth in principle in Defendant's damages proposal (Doc. No. 229, Ex. 1).  The Court will also award liquidated damages and prejudgment interest consistent with the principles articulated in this opinion and will award wage-statement penalties for those Remaining Plaintiffs who worked after April 9, 2011.

V.  CONCLUSION

For the reasons stated above, the Court denies double recovery on Plaintiffs' FLSA and NYLL claims and awards liquidated damages and prejudgment interest as set forth above.  Now that the Court has resolved all legal issues related to the parties' damages proposals, the Court will issue a judgment in a separately docketed order awarding damages to Hengjin Sun in the amount of $104,052.60; Youqi Yang in the amount of $33,427.46; and Hui Song in the amount of $43,980.68, based on the calculations below:

|  | Sun | Yang | Song |
|---|---|---|---|
| **FLSA Min. Wage** | $13,508 | $2,860 | $0 |
| **NYLL Min. Wage** | $20,130 | $7,788 | $14,652 |
| **FLSA OT** | $6,308 | $1,080 | $0 |
| **NYLL OT** | $7,695 | $3,672 | $5,628 |
| **NYLL SOH** | $5,000 | $2,000 | $1,500 |
| **NYLL Wage Stmt.** | $2,500 | $0 | $0 |
| **FLSA Liq. Damages** | $19,816 | $3,940 | $0 |
| **NYLL Liq. Damages** | $8,820.54 | $3,481.54 | $5,445.00 |
| **NYLL Prej. Int.** | $20,275.06 | $8,605.92 | $16,755.68 |
| **Total** | **$104,052.60** | **$33,427.46** | **$43,980.68** |

IT IS FURTHER ORDERED that Defendant shall make any submissions regarding the Remaining Plaintiffs' eligibility to recover consistent with Section IV of this opinion by May 2, 2016.  Should the Remaining Plaintiffs choose to submit any additional evidence in response, they must do so by June 1, 2016.  The Court will then issue a final judgment with respect to the Remaining Plaintiffs thereafter.  The Court also notes that Plaintiffs indicate their intention to move for costs and attorneys' fees in the future by separate memorandum.  (Doc. No. 231 at 24–

25.)   The Court finds that briefing on the issue of attorneys' fees and costs would be premature until damages are awarded to the Remaining Plaintiffs.

SO ORDERED.

Dated:         April 19, 2016
               New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/19/16__