UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HENGJIN SUN, *et al.*,

                                    Plaintiffs,

        -v-

CHINA 1221, INC. d/b/a CHINA FUN,

                                    Defendant.

No. 12-cv-7135 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    Between November 2, 2015 and November 9, 2015, the Court held a jury trial with

Plaintiffs Hengjin Sun, Youqi Yang, and Hui Song (the "Trial Plaintiffs") on their claims brought

under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").   On

November 9, 2015, the jury rendered a verdict in favor of the Trial Plaintiffs on all claims, except

the fifth cause of action.  (Doc. No. 202.)  On April 19, 2016, the Court issued an opinion and

order that ruled on various legal issues presented in the parties' submissions, awarded damages to

the Trial Plaintiffs, and set forth the procedure for determining damages for the remaining eighteen

Plaintiffs (the "Remaining Plaintiffs").  (Doc. No. 245 ("Apr. 19 Op." or "April 19 Opinion").)

    In accordance with the parties' pre-trial stipulation (Doc. No. 203 at 21:23–22:1) and the

Court's April 19 Opinion, the Court now awards damages to the eighteen "Remaining Plaintiffs"

as set forth below.  The Court also deems Plaintiffs' contemplated motion for reconsideration of

the April 19 Opinion (Doc. No. 253) made and denies the motion.

I. BACKGROUND

    The Court assumes the parties' familiarity with the underlying facts and procedural history

of this case and repeats only those facts necessary to award damages to the Remaining Plaintiffs.

On October 23, 2015, the parties agreed to proceed to trial on a test case involving the Trial

Plaintiffs on their seven causes of action:  (1) minimum wage violations under the FLSA, 29 U.S.C. § 206 ( "FLSA MW"); (2) minimum wage violations under the NYLL § 652 ("NYLL MW"); (3) unpaid overtime under the FLSA, 29 U.S.C. § 207 ("FLSA OT"); (4) unpaid overtime under the NYLL, 12 N.Y.C.R.R. § 146-1.4 (effective Jan. 1, 2011); 12 N.Y.C.R.R. § 137-1.3 (repealed effective Jan. 1, 2011) ("NYLL OT"); (5) unlawful deductions under the NYLL § 193(1); (6) spread-of-hours violations under the NYLL, 12 N.Y.C.R.R. § 146-1.6(a) (effective Jan. 1, 2011); 12 N.Y.C.R.R. § 137-1.7 ("NYLL SOH") (repealed effective Jan. 1, 2011); and (7) wage statement violations brought under the Wage Theft Prevention Act ("WTPA"), NYLL §§ 195, 198-d ("NYLL Wage Stmt.").  (Doc. No. 181.)  The parties also agreed that the Remaining Plaintiffs would be "bound by the result of that trial." (*Id.*)  Following the jury's verdict in favor of the Trial Plaintiffs on all claims but the fifth cause of action, the parties submitted proposed damages calculations for the Remaining Plaintiffs.  (Doc. Nos. 229, 230, 231, 234, 235.)

In the April 19 Opinion, the Court accepted in principle Defendants' proposal to "take the annual average of timely FLSA and NYLL minimum wage, overtime, and spread-of-hours compensatory damages for the Trial Plaintiffs, multiply that amount based on the number of years each Remaining Plaintiff worked for Defendant, and award that amount as compensatory damages." (April 19 Op. 13–14.)  Although each Trial Plaintiff attested to having worked at least 66 hours per week while being paid between $300 and $450 per month (Doc Nos. 218, 220, 222, 224, 226 ("Tr.") at 98:12–13, 102:21–103:4, 151:17–18, 159:23–160:9, 184:15–22, 185:3–186:7), the Court concluded that the jury could not possibly have credited this testimony, since the jury awarded substantially smaller damages for each Trial Plaintiff (Apr. 19 Op. 13–14).  Pursuant to the pretrial stipulation, the Court also accepted Plaintiffs' proposal to adopt the employment dates averred by the Remaining Plaintiffs, although it also afforded Defendant the opportunity to present evidence that a Remaining Plaintiff's representation of his employment dates amounted to bad

faith or a fraud upon the Court.  (*Id.* at 1, 13–14.)

The Court also reached the following conclusions that will guide its damages awards for the Remaining Plaintiffs.  First, because the jury found that Defendant's FLSA violations were willful, the Court will apply a three-year statute of limitations for Plaintiffs' FLSA claims rather than a two-year statute of limitations.  (*Id.* at 2 & n.1 (citing *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 563 (S.D.N.Y. 2013)).[1]  Second, the Court will grant the full amount of compensatory damages awarded by the jury under the FLSA and, to calculate compensatory damages under the NYLL, the Court will subtract the total amount of Plaintiffs' FLSA damages awarded from the total amount of compensatory damages awarded pursuant to the NYLL.  (*Id.* at 4 (citing *Cao v. Wu Liang Ye Lexington Rest., Inc.*, No. 08-cv-3725 (DC), 2010 WL 4159391, at *2 n.2 (S.D.N.Y. Sept. 30, 2010)).)  Third, the Court will award 100% liquidated damages on Plaintiffs' timely FLSA claims and 25% liquidated damages on Plaintiffs' timely NYLL claims for minimum wage and overtime violations that accrued prior to November 24, 2009; however, the Court will not award duplicative liquidated damages for NYLL minimum wage and overtime claims that accrued after November 24, 2009, since reforms to the NYLL that took effect on that date undermined the basis for distinguishing between the FLSA's and NYLL's liquidated damages provisions.  (*Id.* at 6–7 (citing *Inclan v. N.Y. Hosp. Grp., Inc.*, 95 F. Supp. 3d 490, 505 (S.D.N.Y. 2015).)  By contrast, the Court will award all available liquidated damages on Plaintiffs' NYLL spread-of-hours claims, since there are no overlapping spread-of-hours claims under the FLSA.  (*Id.* at 7–8.)  Furthermore, the Court will award 25% liquidated damages on Plaintiffs' timely spread-of-hours claims that accrued prior to April 9, 2011, and 100% liquidated damages on Plaintiffs' timely spread-of-hours claims that accrued after the April 9, 2011 amendment to the NYLL authorizing liquidated damages awards equal to the full amount of unpaid wages.  Fourth,

---

[1] The NYLL claims, by contrast, are subject to a six-year statute of limitations.  *See* NYLL § 663(3).

since Defendants did not contest Plaintiffs' eligibility to recover prejudgment interest under the NYLL, the Court will award prejudgment interest on Plaintiffs' timely claims for unpaid wages under the NYLL, starting from the midpoint of Plaintiff's employment within the limitations period, at a simple rate of 9% per year.  (*Id.* at 10–12 (citing *Tackie v. Keff Enters. LLC*, No. 14-cv-2074 (JPO), 2014 WL 4626229, at *6 (S.D.N.Y. Sept. 16, 2014).)

Finally, the Court also will award wage-statement penalties under the WTPA to any Plaintiffs who worked for Defendant after April 9, 2011, the date the statute took effect.  (*Id.* at 14.)  Under the WTPA, which "requires employers to provide employees with 'a statement with every payment of wages,' that includes various details, including the rate of pay and number of hours worked," employees may recover statutory damages for violations of the WTPA of $100 per work week, in an amount that does not exceed $2,500.  (Doc. No. 228 at 3 (quoting NYLL § 195(3)); *see also Zhen Ming Chen v. New Fresco Tortillas Taco LLC*, No. 15-cv-2158 (RA) (AJP), 2015 WL 5710320, at *7 (S.D.N.Y. Sept. 25, 2015).)[2]  The Court does not award liquidated damages or prejudgment interest with respect to amounts recovered as wage-statement penalties. (*See* Apr. 19 Op. 6 ("Liquidated damages are not available on NYLL's wage-statement penalties." (citing *Chen*, 2015 WL 5710320, at *7))); *see also Guaman v. Krill Contracting, Inc.*, No. 14-cv-4242 (FB) (RER), 2015 WL 3620364, at *10 (E.D.N.Y. June 9, 2015) ("Plaintiff is not, however, entitled to prejudgment interest on amounts awarded under the Wage Theft Protection Act.").

The Court is in receipt of a letter from Defendant, dated May 2, 2016, in which Defendant asks the Court to reject Plaintiff Xiaohua Lu's claims for damages but does not otherwise challenge any other Remaining Plaintiff's eligibility to recover under the principles set forth above.  (Doc. No. 247.)  The Court is also in receipt of a response, dated June 13, 2016, from Plaintiffs' counsel

---

[2] Although the WTPA was subsequently amended on February 27, 2015 to allow plaintiffs to collect $250 for each work week in an amount not to exceed $5,000, *Chen*, 2015 WL 5710320, at *7, this amendment has no application to this suit, since all Plaintiffs left Defendant's employment well before February 27, 2015, and the WTPA does not operate retroactively, *see id.*

on behalf of Xiaohua Lu, which attaches an affidavit from Lu and relevant portions of his deposition testimony.  (Doc. No. 251.)  The Court is also in receipt of a letter from Plaintiffs, dated August 20, 2016, in which Plaintiffs seek leave to file a motion for reconsideration of the April 19 Opinion, wherein the Court determined that it would:  (1) subtract the FLSA compensatory damages award from the NYLL damages award, and (2) award damages to the Remaining Plaintiffs after averaging the Trial Plaintiffs' awards, rather than award the Remaining Plaintiffs damages based on the assumption that they each worked sixty-six hours per week while being paid between $300 and $450 per month.  (Doc. No. 253.)  The Court is also in receipt of Defendant's response, dated August 25, 2016.  (Doc. No. 255.)

## II.  DISCUSSION

The Court first calculates the average annual amount of timely FLSA and NYLL minimum wage, overtime, and spread-of-hours compensatory damages awarded to the Trial Plaintiffs.  The Court awarded two categories of compensatory damages to the Trial Plaintiffs:  (1) all compensatory damages under the FLSA and (2) "non-overlapping damages" under the NYLL. These "non-overlapping" NYLL damages consisted of:  (i) damages for the Trial Plaintiffs' minimum wage and overtime claims that were timely under the NYLL but not the FLSA because they accrued after September 21, 2006 but before September 21, 2009; and (ii) spread-of-hours damages, which had no analog under the FLSA.  Accordingly, the Court sets forth below tables summarizing the total compensatory damages awards, years worked, and average annual damages awards for each Trial Plaintiff with respect to each cause of action.

**Trial Plaintiffs' Total Damages**

|  | Sun | Yang | Song |
|---|---|---|---|
| **FLSA Minimum Wage** | $13,508 | $2,860 | $0 |
| **NYLL Minimum Wage** | $20,130 | $7,788 | $14,652 |
| **FLSA Overtime** | $6,308 | $1,080 | $0 |

| NYLL Overtime | $7,695 | $3,672 | $5,628 |
| NYLL Spread-of-Hours | $5,000 | $2,000 | $1,500 |

**Trial Plaintiffs' Years Worked**

|  | Sun | Yang | Song |
| --- | --- | --- | --- |
| FLSA MW | 2.45 Years | 1.47 Years | N/A |
| NYLL MW | 3 Years | 0.43 Years | 2.08 Years |
| FLSA OT | 2.45 Years | 1.47 Years | N/A |
| NYLL OT | 3 Years | 0.43 Years | 2.08 Years |
| NYLL SOH | 5.45 Years | 1.91 Years | 2.08 Years |

**Trial Plaintiffs' Average Annual Damages**

|  | Sun | Yang | Song |
| --- | --- | --- | --- |
| FLSA MW Avg. Annual Award | $5,521.19 | $6,606.96 | N/A |
| NYLL MW Avg. Annual Award | $6,710.00 | $5,283.68 | $7,055.38 |
| FLSA OT Avg. Annual Award | $2,578.30 | $2,494.94 | N/A |
| NYLL OT Avg. Annual Award | $2,565.00 | $2,491.23 | $2,710.05 |
| NYLL SOH Avg. Annual Award | $918.01 | $1,048.85 | $722.30 |

Based on these calculations, the Court finds that the aggregate average annual damages awards

for the Trial Plaintiffs were:

| FLSA Minimum Wage – Average Annual Award | $6,064.07 |
| --- | --- |
| NYLL Minimum Wage – Average Annual Award | $6,349.69 |
| FLSA Overtime – Average Annual Award | $2,536.62 |
| NYLL Overtime – Average Annual Award | $2,588.76 |
| NYLL Spread-of-Hours – Average Annual Award | $896.39 |

Thus, the Court uses these average annual awards to calculate the Remaining Plaintiffs'

compensatory damages.

A.  Qiang Ma

Plaintiff Qiang Ma worked for Defendant between November 20, 2003 and December 31, 2009.  (Doc. No. 20 ("FAC" or "First Amended Complaint") ¶ 10; Doc. No. 18-8 ("Ma Decl.") at ¶ 5.)  Because Qiang Ma brought suit on September 21, 2012, Qiang Ma's claims under the NYLL that accrued between September 21, 2006 and December 31, 2009 are timely, while Qiang Ma's claims under the FLSA that accrued between September 21, 2009 and December 31, 2009 are also timely.  For the reasons set forth in the April 19 Opinion, the Court denies Qiang Ma damages under the NYLL for Defendant's minimum wage and overtime violations that took place between September 21 and December 31, 2009, since Qiang Ma may not recover compensatory damages twice for the exact same minimum wage and overtime injuries.  (Apr. 19 Op. 3.)  Accordingly, the Court awards Qiang Ma minimum wage and overtime damages under the NYLL for claims that accrued between September 21, 2006 and September 21, 2009 (a total of 3 years) by multiplying the NYLL Average Annual Minimum Wage and Overtime Awards set forth at the beginning of Section II by 3 and awards minimum wage and overtime damages under the FLSA that accrued between September 21, 2009 and December 31, 2009 (a total of 0.28 years) by multiplying the FLSA Average Annual Minimum Wage and Overtime Awards by 0.28.  Because Qiang Ma's timely NYLL spread-of-hours claims, which have no FLSA analogue, accrued between September 21, 2006 through December 31, 2009, for a total of 3.28 years, the Court also awards Qiang Ma 3.28 years' worth of damages for spread-of-hours violations by multiplying the NYLL Average Annual Spread-of-Hours Award by 3.28.  Thus, Qiang Ma is entitled to compensatory damages as follows:

| | |
|---|---|
| **FLSA MW** | $1,694.62 |
| **NYLL MW** | $19,049.06 |
| **FLSA OT** | $708.86 |
| **NYLL OT** | $7,766.28 |
| **NYLL SOH** | $2,939.65 |

Next, the Court calculates Qiang Ma's liquidated damages under the FLSA, which "permits recovery of liquidated damages in a sum equal to the full amount of unpaid wages for all relevant years." (*Id.* at 3–4 (citing *Jiao v. Shi Ya Chen*, No. 03-cv-0165 (DF), 2007 WL 4944767, at *17 (S.D.N.Y. Mar. 30, 2007)).) Because the Court awards a total of $2,403.48 to Qiang Ma for unpaid wages under the FLSA, it therefore awards that same amount in liquidated damages.

The Court also awards Qiang Ma liquidated damages under the NYLL in the amount of 25% of all minimum wage and overtime violations that accrued between September 21, 2006 and November 24, 2009, a total of 3.18 years, and awards liquidated damages under the NYLL in the amount of 25% of all spread-of-hours violations that accrued between September 21, 2006 and December 31, 2009, for a total of 3.28 years. (*Id.* at 7–8.) This amount totals $7,821.66.

Next, the Court awards prejudgment interest under the NYLL at a simple rate of 9% per year. (*Id.* 10–11.) First, the Court calculates a midpoint between September 21, 2006, when Qiang Ma's timely NYLL claims first accrued, and December 31, 2009, when Qiang Ma stopped working for Defendant. (*Id.* at 11–12.) The midpoint between those dates is May 12, 2008, which is 8.61 years before the date of the judgment. Having awarded Qiang Ma a total of $29,754.99 for wages owed under the NYLL, the Court also awards Qiang Ma $23,045.04 in prejudgment interest.

Furthermore, because Qiang Ma did not work for Defendant prior to the enactment of the WTPA on April 9, 2011, Qiang Ma is not entitled to obtain a wage statement penalty. (*Id.* at 2; *see also* Doc. No. 228 at 3–4.) In sum, the Court awards damages to Qiang Ma as follows:

| | |
|---|---|
| **FLSA MW** | $1,694.62 |
| **NYLL MW** | $19,049.06 |
| **FLSA OT** | $708.86 |
| **NYLL OT** | $7,766.28 |
| **NYLL SOH** | $2,939.65 |
| **FLSA LIQ. DAMAGES** | $2,403.48 |
| **NYLL LIQ. DAMAGES** | $7,821.66 |
| **NYLL PREJ. INT.** | $23,045.04 |
| **TOTAL** | $65,428.65 |

### B.  Jun Wang

Plaintiff Jun Wang worked for Defendant between June 1, 2006 and February 12, 2009. (Doc. No. 82-10.)[3]  Because Wang brought suit on September 21, 2012, Wang's claims under the NYLL that accrued between September 21, 2006 and February 12, 2009 are timely, for a total of 2.40 years.  Furthermore, Wang has no timely FLSA claims.  Thus, the Court awards Wang 2.40 years' worth of damages by multiplying the Average Annual Minimum Wage, Overtime, and Spread-of-Hours Awards under the NYLL set forth at the beginning of Section II by 2.40:

| | |
|---|---|
| **NYLL MW** | $15,239.25 |
| **NYLL OT** | $6,213.02 |
| **NYLL SOH** | $2,151.32 |

Next, the Court calculates Wang's liquidated damages under the NYLL.  Because all of Wang's claims for unpaid wages accrued prior to the November 24, 2009 and April 9, 2011 reforms of the NYLL, Wang is entitled to liquidated damages in the amount of 25% of Wang's unpaid wages.  (*See id.* at 5–10.)  Accordingly, Wang is entitled to 25% of the $23,603.60 awarded to Wang for unpaid wages under the NYLL, which is $5,900.90.

The Court also calculates prejudgment interest under the NYLL at a simple rate of 9% per year.  (*Id.* at 10–11.)  First, the Court calculates a midpoint between September 21, 2006, when Zhao's timely NYLL claims first accrued, and February 12, 2009, when Wang stopped working for Defendant.  (*Id.* at 11–12.)  The midpoint between those dates is December 3, 2007, which is 9.05 years before the date of the judgment.  Having awarded Wang a total of $23,603.60 for wages owed under the NYLL, the Court also awards Wang $19,217.85 in prejudgment interest.

Furthermore, because Wang did not work for Defendant prior to the enactment of the

---

[3] Although Wang initially alleged that Wang worked for Defendant until December 2010 (FAC ¶ 13), Wang has since signed a declaration attesting to having been fired by Defendant on February 12, 2009.  (Doc. No. 82-10 ("Jun Wang Decl.") ¶¶ 5, 16.)  Since Plaintiffs' damages submission lists February 12, 2009 as the date Wang left Defendant's employment (Doc. No. 230 at 6), the Court finds that Wang's claims stopped accruing on February 12, 2009.

WTPA on April 9, 2011, Wang is not entitled to obtain a wage statement penalty.  (*Id.* at 2; *see also* Doc. No. 228 at 3–4.)  In sum, the Court awards damages to Wang as follows:

| NYLL MW | $15,239.25 |
|---|---|
| NYLL OT | $6,213.02 |
| NYLL SOH | $2,151.32 |
| NYLL LIQ. DAMAGES | $5,900.90 |
| NYLL PREJ. INT. | $19,217.85 |
| TOTAL | $48,722.35 |

### C.  Lianhua Wen

Plaintiff Lianhua Wen worked for Defendant between January 3, 2009 and December 31, 2011.  (FAC ¶ 14; Doc. No. 82-11 ("Wen Decl.") at ¶ 5.)  Because Wen brought suit on September 21, 2012, all of Wen's claims are timely under the NYLL, since they accrued on or after January 3, 2009, and all of Wen's claims under the FLSA that accrued on or after September 21, 2009 are timely.  For the reasons set forth in the April 19 Opinion, the Court denies Wen damages for Defendant's minimum wage and overtime violations under the NYLL that took place between September 21, 2009 and December 31, 2011, since Wen will already recover for the exact same injuries under the FLSA.  (Apr. 19 Op. 3.)  Accordingly, the Court awards Wen damages for Wen's NYLL minimum wage and overtime claims that accrued over the course of 0.72 years, between January 3, 2009 and September 21, 2009, by multiplying the Average Annual Minimum Wage and Overtime Awards as set forth at the beginning of Section II by 0.72.  The Court also awards 2.28 years' worth of damages for Wen's FLSA minimum wage and overtime claims, which accrued between September 21, 2009 and December 31, 2011, by multiplying the Annual Average Minimum Wage and Overtime Awards under the FLSA by 2.28.  Because Wen's NYLL spread-of-hours claim, which has no FLSA analogue, accrued between January 3, 2009 through December 31, 2011, the Court awards Wen 2.99 years' worth of damages by tripling the Average Annual Spread-of-Hours Award under the NYLL as is set forth at the beginning of Section II.

| FLSA MW | $13,822.77 |
| NYLL MW | $4,540.46 |
| FLSA OT | $5,782.10 |
| NYLL OT | $1,851.14 |
| NYLL SOH | $2,684.24 |

Next, the Court calculates Wen's liquidated damages under the FLSA, which "permits recovery of liquidated damages in a sum equal to the full amount of unpaid wages for all relevant years." (*Id.* at 3–4.) Because the Court awarded a total of $19,604.86 to Wen for unpaid wages under the FLSA, it therefore awards that same amount in liquidated damages.

The Court also awards Wen liquidated damages under the NYLL in the amount of 25% of all minimum wage and overtime violations that accrued between January 3, 2009 and November 24, 2009, a total of 0.89 years, and awards liquidated damages under the NYLL in the amount of 25% of all spread-of-hours violations that accrued between January 3, 2009 and April 9, 2011, for a total of 2.26 years, and a total of 100% of all spread-of-hours violations that accrued between April 9, 2011 and December 31, 2011, for a total of 0.73 years. (*Id.* at 7–8.) This amount totals $3,143.65.

Next, the Court awards Wen prejudgment interest under the NYLL at a simple rate of 9% per year. (*Id.* 10–11.) First, the Court calculates a midpoint between January 3, 2009, when Wen's timely NYLL claims first accrued, and December 31, 2011, when Wen stopped working for Defendant. (*Id.* 11–12.) The midpoint between those dates is July 3, 2010, which is 6.46 years before the date of the judgment. Having been awarded a total of $9,075.84 for wages owed under the NYLL, Wen is also awarded $5,279.16 prejudgment interest.

Furthermore, because Wen worked for Defendant after the enactment of the WTPA on April 9, 2011, Wen is entitled to obtain a wage statement penalty. (*Id.* at 2; *see also* Doc. No. 228 at 3–4.) Specifically, the Court awards Wen $100 per work week after April 9, 2011 through the date Wen left Defendant's employment, December 31, 2011, in an amount not to exceed $2,500.

Because Wen worked for Defendant for 38 weeks after enactment of the WTPA, the Court awards Wen $2,500 as a penalty.  *See Chen*, 2015 WL 5710320, at *7.  In sum, the Court awards damages to Wang as follows:

| | |
|---|---|
| **FLSA MW** | $13,822.77 |
| **NYLL MW** | $4,540.46 |
| **FLSA OT** | $5,782.10 |
| **NYLL OT** | $1,851.14 |
| **NYLL SOH** | $2,684.24 |
| **FLSA LIQ. DAMAGES** | $19,604.86 |
| **NYLL LIQ. DAMAGES** | $3,143.65 |
| **NYLL PREJ. INT.** | $5,279.16 |
| **NYLL WS PENALTY** | $2,500 |
| **TOTAL** | $61,708.38 |

D.  Quan Yan, Genxiang Zhang, Junhai Zhang, Meide Zhang, and Liqiang Zhou

Plaintiffs Quan Yan, Genxiang Zhang, Junhai Zhang, Meide Zhang, and Liqiang Zhou (the "June 30 Plaintiffs") all began working for Defendant prior to September 21, 2006, ceased working for Defendant on June 30, 2007, and brought suit on September 21, 2012.  (FAC ¶¶ 15, 17–18, 22; Doc. Nos. 82-12 ("Yan Decl".) ¶ 5; 82-14 ("G. Zhang Decl.") ¶ 5; 82-15 ("J. Zhang Dep.") at 7:19–24, 63-7 ("M. Zhang Decl.") ¶ 7.)  Accordingly, the June 30 Plaintiffs' timely claims under the NYLL accrued between September 21, 2006 and June 30, 2007, for a total of 0.78 years. Furthermore, since all of the June 30 Plaintiffs ceased working for Defendant over three years before bringing suit, none of their claims under the FLSA are timely.  Thus, the Court awards the June 30 Plaintiffs 0.78 years' worth of compensatory damages by multiplying the Average Annual Minimum Wage, Overtime, and Spread-of-Hours Awards set forth at the beginning of Section II by 0.78:

| | |
|---|---|
| **NYLL MW** | $4,923.18 |
| **NYLL OT** | $2,007.18 |
| **NYLL SOH** | $695.01 |

Next, the Court calculates the June 30 Plaintiffs' liquidated damages under the NYLL.

Because all of their claims for unpaid wages accrued prior to the November 24, 2009 and April 9, 2011 reforms of the NYLL, the June 30 Plaintiffs are entitled to liquidated damages in the amount of 25% of their unpaid wages. (*See* Apr. 19 Op. 5–10.) Accordingly, the Court awards each June 30 Plaintiff 25% of $7,625.36, which totals $1,906.34.

The Court also calculates prejudgment interest under the NYLL at a simple rate of 9% per year. (Apr. 19 Op. 10–11.) First, the Court calculates a midpoint between September 21, 2006, when the June 30 Plaintiffs' timely NYLL claims first accrued, and June 30, 2007, when they stopped working for Defendant. (*Id.* at 11–12.) The midpoint between those dates is February 9, 2007, which is 9.86 years before the date of the judgment. Having been awarded a total of $7,625.36 for unpaid wages under the NYLL, each June 30 Plaintiff is also awarded $6,766.94 in prejudgment interest.

Furthermore, because the June 30 Plaintiffs did not work for Defendant prior to the enactment of the WTPA on April 9, 2011, they are not entitled to obtain a wage statement penalty. (Apr. 19 Op. 2; *see also* Doc. No. 228 at 3–4.) In sum, the Court awards damages to the June 30 Plaintiffs as follows:

| NYLL MW | $4,923.18 |
|---|---|
| NYLL OT | $2,007.18 |
| NYLL SOH | $695.01 |
| NYLL LIQ. DAMAGES | $1,906.34 |
| NYLL PREJ. INT. | $6,766.94 |
| TOTAL | $16,298.64 |

E. Weiting Zhao

Plaintiff Weiting Zhao began working for Defendant prior to September 21, 2006 and ceased working for Defendant on December 8, 2007. (Doc. No. 82-16.)[4] Because Zhao brought

---

[4] Although Zhao initially alleged that Zhao worked for Defendant until October 2007 (FAC ¶ 21), Zhao signed a declaration attesting to having worked for Defendant until December 8, 2007 (Doc. No. 82-16 ¶ 5). Since both Plaintiff (Doc. No. 230) and Defendant in their damages proposals list December 8, 2007 as the date that Zhao left Defendant's employment, the Court resolves this discrepancy in favor of Zhao and finds Zhao's his claims against Defendant accrued until December 8, 2007.

suit on September 21, 2012, Zhao's claims under the NYLL that accrued between September 21, 2006 and December 8, 2007 are timely, for a total of 1.22 years.  Furthermore, Zhao has no timely FLSA claims.  Thus, the Court awards Zhao 1.22 years' worth of damages by multiplying the NYLL Annual MW, OT, and SOH Average Awards set forth at the beginning of Section II by 1.22:

| NYLL MW | $7,724.00 |
|---------|-----------|
| NYLL OT | $3,149.01 |
| NYLL SOH | $1,090.40 |

Next, the Court calculates Zhao's liquidated damages under the NYLL.  Because all of Zhao's claims for unpaid wages accrued prior to the November 24, 2009 and April 9, 2011 reforms of the NYLL, Zhao is entitled to liquidated damages in the amount of 25% of Zhao's unpaid wages. (*See* Apr. 19 Op. 5–10.)  Accordingly, the Court awards Zhao 25% of the $11,963.47 awarded to Zhao for unpaid wages under the NYLL, which is $2,990.87.

The Court also calculates prejudgment interest under the NYLL at a simple rate of 9% per year.  (Apr. 19 Op. 10–11.)  First, the Court calculates a midpoint between September 21, 2006, when Zhao's timely NYLL claims first accrued, and December 8, 2007, when Zhao stopped working for Defendant.  (*Id.* 11–12.)  The midpoint between those dates is May 1, 2007 which is 9.64 years before the date of the judgment.  Having been awarded a total of $11,963.47 for wages owed under the NYLL, Zhao is also awarded $10,377.73 in prejudgment interest.

Furthermore, because Zhao did not work for Defendant prior to the enactment of the WTPA on April 9, 2011, Zhao is not entitled to obtain a wage statement penalty.  (Apr. 19 Op. 2; *see also* Doc. No. 228 at 3–4.)  In sum, the Court awards damages to Zhao as follows:

| NYLL MW | $7,724.00 |
|---------|-----------|
| NYLL OT | $3,149.01 |
| NYLL SOH | $1,090.40 |
| NYLL LIQ. DAMAGES | $2,990.87 |
| NYLL PREJ. INT. | $10,377.73 |
| TOTAL | $25,332.07 |

### F.  Yuhai Zhou

Plaintiff Yuhai Zhou worked for Defendant between May 1, 2004 and October 31, 2006. (FAC ¶ 23; Doc. No. 82-17 ("Y. Zhou Dep.") at 5:13–18.)  Because Yuhai Zhou brought suit on September 21, 2012, Yuhai Zhou's claims under the NYLL that accrued between September 21, 2006 and October 31, 2006 are timely, for a total of 0.11 years.  Furthermore, Yuhai Zhou has no timely FLSA claims.  Thus, the Court awards Yuhai Zhou 0.11 years' worth of damages by multiplying the NYLL Annual MW, OT, and SOH Average Awards by 0.11:

| NYLL MW | $713.25 |
|---|---|
| NYLL OT | $290.79 |
| NYLL SOH | $100.69 |

Next, the Court calculates Yuhai Zhou's liquidated damages under the NYLL.  Because all of Yuhai Zhou's claims for unpaid wages accrued prior to the November 24, 2009 and April 9, 2011 reforms of the NYLL, Yuhai Zhou can only recover liquidated damages in the amount of 25% of Yuhai Zhou's unpaid wages.  (*See* Apr. 19 Op. 5–10.)  Having been awarded $1,104.73 for unpaid wages under the NYLL, Yuhai Zhou is also awarded $276.18 in liquidated damages.

The Court also calculates prejudgment interest under the NYLL at a simple rate of 9% per year.  (Apr. 19 Op. 10–11.)  First, the Court calculates a midpoint between September 21, 2006, when Yuhai Zhou's timely NYLL claims first accrued, and October 31, 2006, when Yuhai Zhou stopped working for Defendant.  (*Id.* 11–12.)  The midpoint between those dates is October 11, 2006, which is 10.19 years before the date of the judgment.  Having been awarded a total of $1,104.73 for wages owed under the NYLL, Yuhai Zhou is also awarded $1,013.33 in prejudgment interest.

Furthermore, because Zhou did not work for Defendant prior to the enactment of the WTPA on April 9, 2011, Yuhai Zhou is not entitled to obtain a wage statement penalty.  (Apr. 19 Op. 2; *see also* Doc. No. 228 at 3–4.)  In sum, the Court awards damages to Yuhai Zhou as follows:

| NYLL MW | $713.25 |
| NYLL OT | $290.79 |
| NYLL SOH | $100.69 |
| NYLL LIQ. DAMAGES | $276.18 |
| NYLL PREJ. INT. | $1,013.33 |
| TOTAL | $2,394.25 |

## G.  Yumin Fei

Plaintiff Yumin Fei worked for Defendant between October 3, 2007 and September 18, 2011.  (FAC ¶ 24; Doc. No. 174-1 ("Fei Decl.") ¶ 4.)  Because Fei brought suit on March 4, 2013, all of Fei's claims are timely under the NYLL, since they accrued less than six years before Fei brought suit, and all of Fei's claims that accrued after March 4, 2010 are timely under the FLSA. For the reasons set forth in the April 19 Opinion, the Court denies Fei damages for Defendant's minimum wage and overtime violations under the NYLL that took place between March 4, 2010 and September 18, 2011, since Fei may not recover compensatory damages for the exact same injuries under both the NYLL and the FLSA.  (Apr. 19 Op. 3.)  Accordingly, the Court awards Fei 2.42 years' worth of minimum wage and overtime damages under the NYLL, representing the damages that accrued between October 3, 2007 through March 4, 2010, by multiplying the NYLL Annual MW and OT Average set forth at the beginning of Section II by 2.42.  The Court also awards Fei 1.55 years' worth of damages on Fei's FLSA minimum wage and overtime claims that accrued between March 4, 2010 and September 18, 2011.  Fei will recover all damages under Fei NYLL spread-of-hours claim, which has no FLSA analogue and accrued between October 3, 2007 and September 18, 2011, for a total of 3.96 years.

| FLSA MW | $9,370.24 |
| NYLL MW | $15,361.03 |
| FLSA OT | $3,919.59 |
| NYLL OT | $6,292.67 |
| NYLL SOH | $3,553.61 |

Next, the Court calculates Fei's liquidated damages under the FLSA, which "permits

16

recovery of liquidated damages in a sum equal to the full amount of unpaid wages for all relevant years." (*Id.* at 3–4.) The Court awarded a total of $13,289.84 to Fei for unpaid wages under the FLSA, and therefore awards that same amount in liquidated damages.

The Court also awards Fei non-overlapping liquidated damages under the NYLL in the amount of 25% of all minimum wage and overtime violations that accrued prior to March 4, 2010, the date on which Fei's FLSA claims first became timely, which totals 2.42 years. The Court also awards liquidated damages under the NYLL in the amount of 25% of all spread-of-hours violations that accrued between October 3, 2007 and April 9, 2011, for a total of 3.52 years, and a total of 100% of all spread-of-hours violations that accrued between April 9, 2011 and September 18, 2011, a total of 0.45 years. (*Id.* at 7–8.) This amount totals $14,266.52.

Next, the Court awards Fei prejudgment interest under the NYLL at a simple rate of 9% per year. (*Id.* 10–11.) First, the Court calculates a midpoint between October 3, 2007, when Fei's timely NYLL claims first accrued, and September 18, 2011, when Fei stopped working for Defendant. (*Id.* 11–12.) The midpoint between those dates is September 25, 2009, which is 7.23 years before the date of the judgment. Having been awarded a total of $25,177.31 for wages owed under the NYLL, Fei is also awarded $16,389.39 in prejudgment interest.

Furthermore, because Fei worked for Defendant after the enactment of the WTPA on April 9, 2011, Fei is entitled to obtain a wage statement penalty. (Apr. 19 Op. 2; *see also* Doc. No. 228 at 3–4.) Specifically, the Court awards Fei $100 per work week after April 9, 2011 through the date Fei left Defendant's employment, September 18, 2011, which totals 23 weeks. *See Chen*, 2015 WL 5710320, at *7. The Court thus awards Fei a penalty of $2,300 under the WTPA.

In sum, the Court awards damages to Fei as follows:

| | |
|---|---|
| **FLSA MW** | $9,370.24 |
| **NYLL MW** | $15,361.03 |
| **FLSA OT** | $3,919.59 |
| **NYLL OT** | $6,292.67 |

| NYLL SOH | $3,553.61 |
|---|---|
| FLSA LIQ. DAMAGES | $13,289.84 |
| NYLL LIQ. DAMAGES | $14,266.52 |
| NYLL PREJ. INT. | $16,389.39 |
| NYLL WS PENALTY | $2,300.00 |
| TOTAL | $84,712.90 |

### H.  Fenglei Huang

Plaintiff Fenglei Huang worked for Defendant between October 1, 1998 and September 30, 2008.  (FAC ¶ 25; Doc. No. 63-3 ("Huang Decl.") ¶ 6.)  Because Huang brought suit on March 4, 2013, Huang's claims under the NYLL that accrued between March 4, 2007 and September 30, 2008 are timely, for a total of 1.58 years.  Furthermore, Huang has no timely FLSA claims.  Thus, the Court awards Huang 1.58 years' worth of damages by multiplying the average annual compensatory damage awards obtained by the Trial Plaintiffs set forth at the beginning of Section II by 1.58:

| NYLL MW | $10,037.73 |
|---|---|
| NYLL OT | $4,092.37 |
| NYLL SOH | $1,417.02 |

Next, the Court calculates Huang's liquidated damages under the NYLL.  Because all of Huang's claims for unpaid wages accrued prior to the November 24, 2009 and April 9, 2011 reforms of the NYLL, Huang is entitled to liquidated damages in the amount of 25% of Huang's unpaid wages.  (*See* Apr. 19 Op. 5–10.)  Accordingly, the Court awards Huang 25% of the $15,547.11 awarded to Huang for unpaid wages under the NYLL, which is $3,886.78.

The Court also calculates prejudgment interest under the NYLL at a simple rate of 9% per year.  (Apr. 19 Op. 10–11.)  First, the Court calculates a midpoint between May 4, 2007, when Huang's timely NYLL claims first accrued, and September 30, 2008, when Huang stopped working for Defendant.  (*Id.* 11–12.)  The midpoint between those dates is December 17, 2007, which is 9 years before the date of the judgment.  Having been awarded a total of $15,547.11 for wages owed under the NYLL, Huang is also awarded $12,604.67 in prejudgment interest.

18

Furthermore, because Huang did not work for Defendant prior to the enactment of the WTPA on April 9, 2011, Huang is not entitled to obtain a wage statement penalty. (Apr. 19 Op. 2; *see also* Doc. No. 228 at 3–4.) In sum, the Court awards damages to Huang as follows:

| NYLL MW | $10,037.73 |
|---|---|
| NYLL OT | $4,092.37 |
| NYLL SOH | $1,417.02 |
| NYLL LIQ. DAMAGES | $3,886.78 |
| NYLL PREJ. INT. | $12,604.67 |
| TOTAL | $32,038.56 |

## I. Jianhua Li

Plaintiff Jianhua Li worked for Defendant between January 15, 2012 and August 5, 2012. (FAC ¶ 26.) Because Li brought suit on March 4, 2013, all of Li's FLSA claims are timely, since they accrued starting January 15, 2012, which is less than three years before Li brought suit. Thus, the Court awards Li 0.56 years' worth of damages for minimum wage and overtime violations under the FLSA by multiplying the average annual compensatory damage awards obtained by Plaintiffs by 0.56. The Court does not award damages for minimum wage and overtime violations under the NYLL, since Li cannot recover for the same injuries twice, but the Court does award damages for Li's claim for spread-of-hours violations under the NYLL, which has no federal analog, that accrued during those 0.56 years. (*See* Apr. 19 Op. 3–4.)

| FLSA MW | $3,389.24 |
|---|---|
| FLSA OT | $1,417.73 |
| NYLL SOH | $500.99 |

Next, the Court calculates Li's liquidated damages under the FLSA, which "permits recovery of liquidated damages in a sum equal to the full amount of unpaid wages for all relevant years." (*Id.* at 3–4.) The Court awarded a total of $4,806.96 to Li for unpaid wages under the FLSA, and therefore awards that same amount in liquidated damages.

The Court also awards Li liquidated damages under the NYLL in the amount of 100% of

all spread-of-hours violations that occurred between January 15, 2012 and August 5, 2012, a total

of 0.56 years, because Li's damages accrued *after* the New York Legislature's April 9, 2011

reform.  (*Id.* at 5.)  This amount totals $500.51.

Next, the Court awards Li prejudgment interest under the NYLL at a simple rate of 9% per

year.  (*Id.* 10–11.)  First, the Court calculates a midpoint between January 15, 2012, when Li's

timely NYLL claims first accrued, and August 5, 2012, when Li stopped working for Defendant.

(*Id.* 11–12.)   The midpoint between those dates is April 26, 2012, which is 4.65 years before the

date of the judgment.  Having been awarded a total of $500.51 for wages owed under the NYLL,

Li is also awarded $209.51 in prejudgment interest.

Furthermore, because Li worked for Defendant after the enactment of the WTPA on April

9, 2011, Li is entitled to obtain a wage statement penalty.  (Apr. 19 Op. 2; *see also* Doc. No. 228

at 3–4.)  Specifically, the Court awards Li $100 per work week between January 15, 2012 through

the date Li left Defendant's employment, August 5, 2012, which totals 29 weeks.  *See Chen*, 2015

WL 5710320, at *7.  Because the Court cannot award more than $2,500 (or 25 weeks' worth) in

penalties, the Court awards Li $2,500 as a penalty.

In sum, the Court awards damages to Li as follows:

| FLSA MW | $3,389.24 |
|---|---|
| FLSA OT | $1,417.73 |
| NYLL SOH | $500.51 |
| FLSA LIQ. DAMAGES | $4,806.96 |
| NYLL LIQ. DAMAGES | $500.51 |
| NYLL PREJ. INT. | $209.51 |
| NYLL WS PENALTY | $2,500.00 |
| TOTAL | $13,325.42 |

J.  Jiacheng ("John") Sun

Plaintiff John Sun began working for Defendant on December 1, 2005 and continued

working for Defendant until May 5, 2013.  (Doc. No. 63-4.)[5]  Because John Sun brought suit on

March 4, 2013, John Sun's claims under the NYLL are timely starting on March 4, 2007, and his

claims under the FLSA are timely starting on March 4, 2010.  For the reasons set forth in the April

19 Opinion, the Court denies John Sun damages for Defendant's minimum wage and overtime

violations under the NYLL that took place after March 4, 2010, since John Sun may not recover

compensatory damages for the exact same injuries under both the NYLL and FLSA.  (Apr. 19 Op.

3.)  Accordingly, John Sun will recover for his non-overlapping NYLL minimum wage and

overtime claims that accrued over the course of three years, between March 4, 2007 and March 4,

2010, and FLSA minimum wage and FLSA overtime claims that accrued for 3.18 years, between

March 4, 2010 and May 5, 2013.  John Sun will recover all damages under his NYLL spread-of-

hours claim, which has no FLSA analogue and accrued between March 4, 2007 and March 4, 2013,

for a total of 6 years.

| FLSA MW | $19,255.51 |
| NYLL MW | $19,049.06 |
| FLSA OT | $8,054.63 |
| NYLL OT | $7,766.28 |
| NYLL SOH | $5,537.94 |

Next, the Court calculates John Sun's liquidated damages under the FLSA, which "permits

recovery of liquidated damages in a sum equal to the full amount of unpaid wages for all relevant

years."  (*Id.* at 3–4.)  The Court awarded a total of $27,310.14 to John Sun for unpaid wages under

the FLSA, and therefore awards that same amount in liquidated damages.

The Court also awards John Sun liquidated damages under the NYLL in the amount of

25% of all minimum wage and overtime violations that accrued between March 4, 2007 and March

[5] Although John Sun initially alleged in the Amended Complaint that he was employed by Defendant until December 2012 (FAC ¶ 29), John Sun subsequently signed a declaration attesting to having worked for Defendant until May 5, 2013 (Doc. No. 63-1 ("Sun Decl.") ¶ 10).  Since both Plaintiff (Doc. No. 230) and Defendant list May 5, 2013 as the date that John Sun left Defendant's employment in their damages proposals, the Court resolves this discrepancy in favor of John Sun and finds that he may recover through May 5, 2013.

4, 2010, a total of 3 years, and awards liquidated damages under the NYLL in the amount of 25%

of all spread-of-hours violations that accrued between March 4, 2007 and April 9, 2011, for a total

of 4.10 years, and a total of 100% of all spread-of-hours violations that accrued between April 9,

2011 and May 5, 2013, a total of 2.08 years. (*Id.* at 7–8.) This amount totals $9,484.47.

Next, the Court awards John Sun prejudgment interest under the NYLL at a simple rate of

9% per year. (*Id.* 10–11.) First, the Court calculates a midpoint between March 4, 2007, when

John Sun's timely NYLL claims first accrued, and May 5, 2013, the date he left Plaintiff's

employment. (*Id.* 11–12.) The midpoint between those dates is April 4, 2010, which is 6.71 years

before the date of the judgment. Having been awarded a total of $32,353.28 for wages owed under

the NYLL, John Sun is also awarded $19,536.95 in prejudgment interest.

Furthermore, because John Sun worked for Defendant after the enactment of the WTPA

on April 9, 2011, he is entitled to obtain a wage statement penalty. (Apr. 19 Op. 2; *see also* Doc.

No. 228 at 3–4.) Specifically, the Court awards John Sun $100 per work week between April 9,

2011 through the date he left Defendant's employment, May 5, 2013, up to $2,500. *See Chen*,

2015 WL 5710320, at *7. Because the Court cannot award more than $2,500 (or 25 weeks' worth)

in penalties, the Court awards John Sun $2,500 as a penalty.

| FLSA MW | $19,255.51 |
|---|---|
| NYLL MW | $19,049.06 |
| FLSA OT | $8,054.63 |
| NYLL OT | $7,766.28 |
| NYLL SOH | $5,537.94 |
| FLSA LIQ. DAMAGES | $27,310.14 |
| NYLL LIQ. DAMAGES | $9,484.47 |
| NYLL PREJ. INT. | $19,536.95 |
| NYLL WS PENALTY | $2,500.00 |
| TOTAL | $118,494.98 |

### K.  John Xu

Plaintiff John Xu worked for Defendant between January 9, 2012 and July 29, 2012. (FAC

¶ 31; Doc. No. 63-2 ("Xu Decl.") ¶ 4.) Because John Xu brought suit on March 4, 2013, all of his

FLSA claims are timely, since they accrued starting January 9, 2012, which is less than three years before he brought suit. Thus, the Court awards John Xu damages for 0.56 years' worth of damages for minimum wage and overtime violations under the FLSA by multiplying the average annual compensatory damage awards obtained by Plaintiffs by 0.56. While the Court does not award damages for minimum wage and overtime violations under the NYLL, since John Xu cannot recover for the same injuries twice, the Court awards damages for John Xu's claim for spread-of-hours violations under the NYLL, which has no federal analog, that accrued during those 0.56 years under the NYLL. (*See* Apr. 19 Op. 3–4.)

| FLSA MW | $3,372.62 |
|---------|-----------|
| FLSA OT | $1,410.78 |
| NYLL SOH | $498.54 |

Next, the Court calculates John Xu's liquidated damages under the FLSA, which "permits recovery of liquidated damages in a sum equal to the full amount of unpaid wages for all relevant years." (*Id.* at 3–4.) The Court awarded a total of $4,783.40 to John Xu for unpaid wages under the FLSA, and therefore awards that same amount in liquidated damages.

The Court also awards John Xu liquidated damages under the NYLL in the amount of 100% of all spread-of-hours violations that occurred between January 9, 2012 and July 29, 2012, a total of 0.56 years, because John Xu's damages accrued *after* the New York Legislature's April 9, 2011 amendment authorizing liquidated damages amounting to 100% of the total unpaid wages. (*Id.* at 5.) This amount totals $498.54.

Next, the Court awards John Xu prejudgment interest under the NYLL at a simple rate of 9% per year. (*Id.* 10–11.) First, the Court calculates a midpoint between January 9, 2012, when John Xu's timely NYLL claims first accrued, and July 29, 2012, when John Xu stopped working for Defendant. (*Id.* 11–12.) The midpoint between those dates is April 19, 2012, which is 4.67 years before the date of the judgment. Having been awarded a total of $498.54 for wages owed

under the NYLL, John Xu is also awarded $209.34 in prejudgment interest.

Furthermore, because John Xu worked for Defendant after the enactment of the WTPA on April 9, 2011, John Xu is entitled to obtain a wage statement penalty.  (Apr. 19 Op. 2; *see also* Doc. No. 228 at 3–4.)  Specifically, the Court awards John Xu $100 per work week between January 9, 2012 through the date he left Defendant's employment, July 31, 2012, which totals 29 weeks.  *See Chen*, 2015 WL 5710320, at *7.  Because the Court cannot award more than $2,500 (or 25 weeks' worth) in penalties, the Court awards John Xu $2,500 as a penalty.

In sum, the Court awards damages to John Xu as follows:

| | |
|---|---|
| **FLSA MW** | $3,372.62 |
| **FLSA OT** | $1,410.78 |
| **NYLL SOH** | $498.54 |
| **FLSA LIQ. DAMAGES** | $4,783.40 |
| **NYLL LIQ. DAMAGES** | $498.54 |
| **NYLL PREJ. INT.** | $209.34 |
| **NYLL WS PENALTY** | $2,500.00 |
| **TOTAL** | $13,273.21 |

L.  Baoli Zhang

Plaintiff Baoli Zhang worked for Defendant between October 15, 2008 and November 17, 2009.  (FAC ¶ 33; Doc. No. 82-22 ("B. Zhang Decl.") ¶ 5.)  Because Zhang brought suit on March 4, 2013, Zhang's claims under the NYLL that accrued between October 15, 2008 and November 17, 2009 are timely, for a total of 1.09 years.  Furthermore, Zhang has no timely FLSA claims.  Thus, the Court awards Zhang 1.09 years' worth of damages by multiplying the average annual compensatory damage awards obtained by the Trial Plaintiffs set forth at the beginning of Section II by 1.09:

| | |
|---|---|
| **NYLL MW** | $6,941.17 |
| **NYLL OT** | $2,829.90 |
| **NYLL SOH** | $979.88 |

Next, the Court calculates Zhang's liquidated damages under the NYLL.  Because all of Zhang's claims for unpaid wages accrued prior to the November 24, 2009 and April 9, 2011

reforms of the NYLL, Zhang is entitled to liquidated damages in the amount of 25% of Zhang's unpaid wages. (*See* Apr. 19 Op. 5–10.) Accordingly, the Court awards Zhang 25% of the $10,750.95 awarded to Zhang for unpaid wages under the NYLL, which is $2,687.74.

The Court also calculates prejudgment interest under the NYLL at a simple rate of 9% per year. (*Id.* at 10–11.) First, the Court calculates a midpoint between October 15, 2008, when Zhang's timely NYLL claims first accrued, and November 17, 2009, when Zhang stopped working for Defendant. (*Id.* at 11–12.) The midpoint between those dates is May 2, 2009, which is 7.63 years before the date of the judgment. Having been awarded a total of $10,750.95 for wages owed under the NYLL, Zhang is also awarded $7,385.46 in prejudgment interest.

Furthermore, because Zhang did not work for Defendant prior to the enactment of the WTPA on April 9, 2011, Zhang is not entitled to obtain a wage statement penalty. (*Id.* at 2; *see also* Doc. No. 228 at 3–4.) In sum, the Court awards damages to Zhang as follows:

| | |
|---|---|
| **NYLL MW** | $6,941.17 |
| **NYLL OT** | $2,829.90 |
| **NYLL SOH** | $979.88 |
| **NYLL LIQ. DAMAGES** | $2,687.74 |
| **NYLL PREJ. INT.** | $7,385.46 |
| **TOTAL** | $20,824.16 |

## M.   Qinghai Zhou

Plaintiff Qinghai Zhou worked for Defendant between October 1, 2005 and May 31, 2008. (FAC ¶ 34; Doc. No. 82-23 ("Zhou Decl.") ¶ 5.) Because Qinghai Zhou brought suit on March 4, 2013, Qinghai Zhou's claims under the NYLL that accrued between March 4, 2007 and May 31, 2008 are timely, for a total of 1.25 years. Furthermore, Qinghai Zhou has no timely FLSA claims. Thus, the Court awards Qinghai Zhou 1.25 years' worth of damages by multiplying the average annual compensatory damage awards obtained by the Trial Plaintiffs by 1.25:

| | |
|---|---|
| **NYLL MW** | $7,915.36 |
| **NYLL OT** | $3,227.08 |
| **NYLL SOH** | $1,117.41 |

Next, the Court calculates Qinghai Zhou's liquidated damages under the NYLL.  Because all of Qinghai Zhou's claims for unpaid wages accrued prior to the November 24, 2009 and April 9, 2011 reforms of the NYLL, Zhou is entitled to liquidated damages in the amount of 25% of Qinghai Zhou's unpaid wages.  (*See* Apr. 19 Op. 5–10.)  Accordingly, the Court awards Qinghai Zhou 25% of the $12,259.86 awarded to Qinghai Zhou for unpaid wages under the NYLL, which is $3,064.96.

The Court also calculates prejudgment interest under the NYLL at a simple rate of 9% per year.  (*Id.* at 10–11.)  First, the Court calculates a midpoint between May 4, 2007, when Qinghai Zhou's timely NYLL claims first accrued, and May 31, 2008, when Qinghai Zhou stopped working for Defendant.  (*Id.* 11–12.)  The midpoint between those dates is October 17, 2007, which is 9.18 years before the date of the judgment.  Having been awarded a total of $12,259.86 for wages owed under the NYLL, Qinghai Zhou is also awarded $10,123.96 in prejudgment interest.

Furthermore, because Qinghai Zhou did not work for Defendant prior to the enactment of the WTPA on April 9, 2011, Qinghai Zhou is not entitled to obtain a wage statement penalty.  (*Id.* at 2; *see also* Doc. No. 228 at 3–4.)  In sum, the Court awards damages to Qinghai Zhou as follows:

| | |
|---|---|
| **NYLL MW** | $7,915.36 |
| **NYLL OT** | $3,227.08 |
| **NYLL SOH** | $1,117.41 |
| **NYLL LIQ. DAMAGES** | $3,064.96 |
| **NYLL PREJ. INT.** | $10,123.96 |
| **TOTAL** | $25,448.78 |

### N.  Xiaohua Lu

As set forth in the April 19 Opinion, the Court gave Defendant the limited opportunity to submit briefing for the purpose of showing that "a Remaining Plaintiff's representation of his employment dates amounts to bad faith or a fraud upon the Court."  (Apr. 19 Op. 13 (citing *Passlogix, Inc. v. 2FA Tech., LLC*, 708 F. Supp. 2d 378, 394 (S.D.N.Y. 2010)).  Defendant

challenges only Remaining Plaintiff Xiaohua Lu's eligibility to recover damages.   In his deposition, Lu admitted that he worked principally at a restaurant located at 246 Columbus Avenue, New York, New York ("China Fun West") during the relevant period and only "occasionally" worked for Defendant, which operated a restaurant located at 1221 Second Avenue, New York, New York ("China Fun East").   (Doc. No. 247 (citing Doc. No. 247-1 ("Lu Dep") at 5:18–20, 13:17–19, 21:7–20).)

While Plaintiffs alleged that China 1221, Inc., which operated China Fun East, was their employer in the First Amended Complaint (FAC ¶¶ 35–37, 50), Plaintiffs did not name the entity that owns China Fun West as their employer under either the FLSA or NYLL.[6]   Although the FLSA and NYLL recognize a doctrine of joint employment – whereby an employee "formally employed by one entity" may nonetheless recover against a second, distinct entity where the employee "has been assigned to work in circumstances that justify the conclusion that the employee is at the same time constructively employed by [the second] entity," *Arculeo v. On-Site Sales & Mktg., LLC*, 425 F.3d 193, 198 (2d Cir. 2005); *see also Wills v. RadioShack Corp.*, 981 F. Supp. 2d 245, 253 (S.D.N.Y. 2013) (noting that FLSA and NYLL employ substantially similar standards for joint employment) – Plaintiffs here failed to introduce evidence at trial demonstrating that China Fun West was their joint employer.   *See Conde v. Sisley Cosmetics USA, Inc.*, No. 11-cv-4010 (RJS), 2012 WL 1883508, at *3 (S.D.N.Y. May 23, 2012) (noting that "[i]n determining whether two entities are joint employers, courts in this district have generally . . . consider[ed] . . . a nonexhaustive list of factors including commonality of hiring, firing, discipline, pay, insurance, records, and supervision" (internal quotation marks omitted)).   In fact, virtually no evidence was introduced at trial with respect to employment conditions at China

---

[6] By contrast, the Plaintiffs in a related action have separately named the corporate entity that owned China Fun West. *See Zhou v. Wu*, No. 14-cv-1775 (RJS), Doc. No. 74 (S.D.N.Y. June 10, 2016).

Fun West.  Accordingly, the Court concludes that Lu may not recover for work performed at China Fun West.[7]

Nor has Lu meaningfully clarified the extent of his duties at China Fun East in his June submission to this Court.  In his declaration, Lu estimates that between January 1, 2003 and June 30, 2007, he worked at China Fun East "at least 15 plus times."  (*Id.* ¶ 7.)  However, Lu fails to recall when he rendered these services, and it is entirely unclear when, if ever, Lu worked at China Fun East on or after September 21, 2006, the earliest date when his claims under the NYLL would be timely.  Nor does Lu provide any specific description of the number of hours he spent at China Fun East.

The Court therefore concludes that Lu has failed to meet his burden of proving that "he has in fact performed work for which he was improperly compensated."  *See Grochowski v. Phoenix Const.*, 318 F.3d 80, 87–88 (2d Cir. 2003).  Put simply, the Court cannot "make a reasonable inference as to the number of hours" he worked during the limitations period.  *Id.; see also Hernandez v. Jrpac Inc.*, No. 14-cv-4176 (PAE), 2016 WL 3248493, at *27 (S.D.N.Y. June 9, 2016) (noting that where an employee sues under the FLSA and NYLL and an employer has failed "to maintain adequate records," the employee need only show that he "'in fact performed work for which he was improperly compensated'" and "'produce[] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference'" (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946))).  Accordingly, the Court dismisses Lu's claims against Defendant.

---

[7] Curiously, Plaintiffs repeatedly argue in their letter that Lu has "met his burden" of establishing that Dorothea Wu, Felix Wu, and Albert Wu (the "Wu Defendants"), who owned both China Fun East and China Fun West, were his employers.  (Doc. No. 251.)  But Lu may not recover against the Wu Defendants, since prior to trial, in an order dated November 7, 2015, the Court dismissed Plaintiffs' claims against the Wu Defendants because Plaintiffs had introduced "insufficient evidence from which a reasonable jury could find that the Individual Defendants were 'employers' under either the FLSA or NYLL."  (Doc. No. 194 at 2.)

## V. Motion for Reconsideration

Next, the Court considers Plaintiffs' contemplated motion for reconsideration of the April 19 Opinion set forth in their letter, dated August 20, 2016. (Doc. No. 253.) Although Plaintiffs purport to bring a contemplated motion under Rule 60(b) of the Federal Rules of Civil Procedure and Rule 4(a)(6) of the Federal Rules of Appellate Procedure, such rules are inapposite. Rule 60(b) of the Federal Rules of Civil Procedure, which authorizes the Court to "relieve a party or its legal representative from a final judgment, order, or proceeding," "applies only to judgments that are final." *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 99 F.3d 538, 541 (2d Cir. 1996). As a "general principle," entry of final judgment is only warranted after all parties' claims have been adjudicated. *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011). The first sentence of Rule 54(b) provides an exception to this rule, whereby a court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties," *id.* (quoting Fed. R. Civ. P. 54(b)), but that exception applies "only if the court expressly determines that there is no just reason for delay," *id.* Accordingly, "absent an express determination" by the district court that there is "no just reason for delay . . . the order at issue is not final," even when the Court directs "entry of judgment" in favor of a particular party. *In re Chateaugay Corp.*, 928 F.2d 63, 64 (2d Cir. 1991). Furthermore, because, as a general matter, federal appellate courts have jurisdiction "over only final decisions of district courts," *Sahu v. Union Carbide Corp.*, 475 F.3d 465, 467 (2d Cir. 2007), Rule 4 of the Federal Rules of Appellate Procedure, which governs the time for filing of appeals to the Court of Appeals, likewise has no application in the absence of a final judgment.

Here, mindful of Plaintiffs' concerns regarding the collectability of a judgment against Defendants set forth in Plaintiffs' unsuccessful motion for pre-judgment attachment (*see* Doc. Nos. 242–44), the Court ordered Defendants to satisfy a money judgment in favor of the Trial Plaintiffs on April 19, 2016 (Doc. No. 246). Nevertheless, the Court also directed the Clerk to keep the case

open.  (*Id.*)  Accordingly, because the Court did not make an express determination that there was "no just reason for delay," the Court did not issue a "final judgment" within the meaning of the first sentence of Rule 54(b).  *See Chateaugay Corp.*, 928 F.2d at 64.  And since that order was not final or appealable, neither Rule 60(b) of the Federal Rules of Civil Procedure nor Rule 4 of the Federal Rules of Appellate Procedure has any application.

Instead, the Court construes Plaintiffs' contemplated motion as a motion for reconsideration of an interlocutory order pursuant to the second sentence of Federal Rule of Civil Procedure 54(b).  *See* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").  Under Local Civil Rule 6.3, a notice of motion for reconsideration must be filed no later than fourteen days after entry of the order.  Failure to adhere to this fourteen-day time limitation is, standing alone, sufficient ground for denying the motion for reconsideration.  *See, e.g.*, *OOCL (USA) Inc. v. Transco Shipping Corp.*, No. 13-cv-5418 (RJS), 2016 WL 4481153, at *2 (S.D.N.Y. Aug. 23, 2016) (collecting cases).  Furthermore, the standard for granting such a motion is very stringent.  A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).  "Alternatively, a motion for reconsideration may be granted to 'correct a clear error or prevent manifest injustice.'"  *Banco de Seguros Del Estado v. Mur. Marine Offices, Inc.*, 230 F. Supp. 2d 427, 428 (S.D.N.Y. 2002) (quoting *Griffin Indus., Inc. v. Petroiam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)).  A motion for reconsideration "may not be used to advance new facts, issues[,] or arguments not previously presented to the Court, nor

may it be used as a vehicle for re-litigating issues already decided by the Court." *Am. ORT, Inc. v. ORT Israel*, No. 07-cv-2332 (RJS), 2009 WL 233950, at *3 (S.D.N.Y. Jan. 22, 2009) (internal quotation marks omitted); *accord Kahala Corp. v. Holtzman*, No. 10-cv-4259 (DLC), 2011 WL 1118679, at *1 (S.D.N.Y. Mar. 24, 2011) (citing *Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., Inc.*, 265 F.3d 97, 115 (2d Cir. 2001)).

Here, Plaintiffs' contemplated motion for reconsideration, which was brought 123 days after issuance of the Court's April 19 Opinion, is untimely by more than 100 days. Thus, Plaintiffs' motion is denied on timeliness grounds alone. But Plaintiffs' motion also clearly fails on the merits.

First, without citing any legal authority, Plaintiffs argue that "[n]othing in the evidence suggests that the jury awarded the minimum wage and overtime damages under both the FLSA and [NYLL] for the same period of time," and they thus assert that the Court's decision to subtract the Trial Plaintiffs' FLSA damages award from their NYLL damages award was "clearly erroneous." (Doc. No. 253 at 2 (internal quotation marks omitted).) But this argument is outright frivolous. As set forth on the record, the Court instructed the jury members not to concern themselves "with whether one verdict may duplicate another," since, as the Court instructed, "the Court will then consider whether any verdict duplicates any other verdicts, and if so, what action should be taken." (Tr. 528:1–7.) Mindful of this instruction, the jury awarded the Trial Plaintiffs damages for injuries that accrued within the NYLL's six-year limitation period – September 21, 2006 and September 21, 2012 – and damages for injuries that accrued within the FLSA's six-year limitation period – September 21, 2009 and September 21, 2012. Accordingly, as numerous other courts in this Circuit have done under similar circumstances, *see, e.g.*, *Cao*, 2010 WL 4159391, at *2 n.2; *Maldonado v. La Nueva Rampa, Inc.*, No. 10-cv-8195 (LLS) (JLC), 2012 WL 1669341, at *5 (S.D.N.Y. May 14, 2012), the Court awarded Plaintiffs their full damages under the FLSA and

awarded "non-overlapping" damages under the NYLL – specifically, Plaintiffs' spread-of-hours claims, which had no FLSA analog, and Plaintiffs' minimum wage and overtime claims under the NYLL that accrued between September 21, 2006 and September 21, 2009 (*see* Apr. 19 Op. 3–4 (collecting cases)).  Because the Court's decision was consistent with the jury instruction and the clear weight of legal authority in this Circuit, it was obviously not clearly erroneous or manifestly unjust.

Second, Plaintiffs argue that the Court's decision not to award the Remaining Plaintiffs damages based on the Trial Plaintiffs' weekly hours estimate of 66 hours and monthly pay estimate of $450 was "against the weight of the evidence."  (Doc. No. 253 at 3.)  However, as the Court found in its April 19 Opinion, the jury could not possibly have credited Trial Plaintiffs' testimony that they worked approximately 66 hours per week while being paid $450 per month, since such a finding would have resulted in a substantially larger damages award for each Trial Plaintiff.  (Apr. 19 Op. 13.)  For example, if the jury had credited the testimony from Trial Plaintiff Song that he worked 66 hours per week between September 21, 2006 and October 17, 2008 while being paid a mere $450 per month, it would have awarded Song approximately $30,000 in overtime.  Instead, the jury awarded Song just over $5,000 in overtime pay.  As this damages award indicates, the jury cannot possibly have credited Song's testimony regarding his hours.  While Plaintiffs may be disappointed with this outcome, Plaintiffs may not use their motion for reconsideration to relitigate issues already decided by the jury at trial.

Accordingly, finding no merit in either of Plaintiffs' arguments in support of their request for reconsideration of the April 19 Opinion, the Court deems Plaintiffs' motion made and denies it.

## VI. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT a final judgment shall be entered in favor of the Remaining Plaintiffs in the following amounts:

| | |
|---|---|
| Qiang Ma | $65,428.65 |
| Jun Wang | $48,722.35 |
| Lianhua Wen | $61,708.38 |
| Weiting Zhao | $25,332.07 |
| Quan Yan | $16,298.64 |
| Genxiang Zhang | $16,298.64 |
| Junhai Zhang | $16,298.64 |
| Meide Zhang | $16,298.64 |
| Liqiang Zhou | $16,298.64 |
| Yuhai Zhou | $2,394.25 |
| Yumin Fei | $84,712.90 |
| Fenglei Huang | $32,038.56 |
| Jianhua Li | $13,325.42 |
| Jiacheng ("John") Sun | $118,494.98 |
| John Xu | $13,273.21 |
| Baoli Zhang | $20,824.16 |
| Qinghai Zhou | $25,448.78 |

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT Xiaohua Lu's claims are dismissed. IT IS FURTHER ORDERED THAT Plaintiffs' motion for reconsideration of the April 19 Opinion is deemed made and is denied.

IT IS FURTHER ORDERED THAT a 15% penalty will be added with respect to any damages attributable to the NYLL that have not been paid to any Plaintiff upon expiration of "ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal therefrom is then pending, whichever is later." NYLL §§ 198(4), 663(4); *see also Hernandez*, 2016 WL 3248493, at *36 (applying NYLL's penalty provisions similarly); *Rosendo v. Everbrighten Inc.*, No. 13-cv-7256 (JGK), 2015 WL 4557147, at *1 (S.D.N.Y. July 28, 2015) (same).

The Clerk is respectfully directed to terminate the motion pending at docket number 253 and to close this case.

SO ORDERED.

Dated:      December 16, 2016
            New York, New York

                                        RICHARD J. SULLIVAN
                                        UNITED STATES DISTRICT JUDGE

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/16/16__