UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HENGJIN SUN, *et al.*,

                    Plaintiffs,

        -v-                                                No. 12-cv-7135 (RJS)
                                                           <u>ORDER</u>

CHINA 1221, Inc., d/b/a CHINA FUN,

                    Defendant.

<u>RICHARD J. SULLIVAN</u>, Circuit Judge:

On January 30, 2017, the Court received a letter from Defendant China 1221, Inc.,

informing the Court that it had filed a bankruptcy petition and requesting that the Court stay the

action.  (Doc. No. 275.)  At that time, the only pending issue before the Court was Plaintiffs'

motion for attorney's fees and costs (Doc. No. 261), as the Court had already entered a money

judgment in Plaintiffs' favor (Docs. No. 245–46).  In response to Defendant's request, the Court

issued an order indicating that the action was stayed automatically pursuant to 11 U.S.C.

§ 362(a)(1).  (Doc. No. 279.)  Beginning in August 2018, the Court issued a series of orders

directing Defendant's counsel – Littler Mendelson, P.C. – to file periodic reports every ninety days

updating the Court on the status of Defendant's bankruptcy.  (*See* Doc. Nos. 280, 282, 284, 286,

288, 290, 292, 294, 296, 298.)

Unfortunately, defense counsel has all too often failed to timely comply with its status

update obligations.  For instance, on June 17, 2019, the Court ordered defense counsel to provide

it with an update by September 17, 2019.  (Doc. No. 290.)  Defense counsel did not submit that

update until October 2, 2019, more than two weeks after the deadline had passed.  (Doc. No. 291.)

The next update was due January 3, 2020 (Doc. No. 292), but was not filed until January 14, 2020

(Doc. No. 293).  The update due March 13, 2020 was not submitted until March 19, 2020 (Doc. Nos. 294–95.)  And the June 17, 2020 update was filed six days after the deadline, on June 23, 2020.  (Doc. Nos. 296–97.)  In virtually each case, defense counsel's late submission was not filed until after the Court reached out to counsel to inquire about the missing status letter.

Defense counsel's most recent status report was due September 22, 2020.  (Doc. No. 298.) Six days after that deadline lapsed, the Court issued an order "admonish[ing] [defense counsel] that it should be more diligent about complying with Court-ordered deadlines moving forward," and directing defense counsel to submit the already tardy status update no later than September 29, 2020.  (Doc. No. 299.)  But defense counsel again failed to comply with the Court-imposed deadline, and filed its update a day late, on September 30, 2020.  (Doc. No. 300.)

In its September 30, 2020 update letter, defense counsel "note[d] to the Court[] that the undersigned is not Defendant China 1221, Inc.'s bankruptcy counsel and that [the undersigned] ha[s] not been in contact with Defendant China 1221, Inc. for many months," and promised only to "try to impress on Defendant China 1221, Inc.'s bankruptcy counsel of the need to provide consistent periodic reports in compliance with the Court's order."  (*Id.*)  To be clear, the Court is under no illusion that Littler Mendelson is Defendant's bankruptcy counsel.  But since Littler Mendelson is counsel of record in *this* case, and since the Court has ordered it to submit periodic updates regarding the status of its client's bankruptcy, it is Littler Mendelson's responsibility to occasionally confer with its client and/or its client's bankruptcy counsel in order to submit timely status updates in accordance with the Court's orders.  Should Littler Mendelson wish to be relieved as counsel for Defendant, it certainly can make a motion to that effect.  But until such a motion is made (and granted), it is not acceptable for attorneys – who are, after all, officers of the Court – to simply ignore the Court's orders without explanation.

As it stands, defense counsel has now failed to comply with the last six Court-ordered deadlines.[1]  Accordingly, IT IS HEREBY ORDERED THAT, as previously set forth in the Court's prior orders, defense counsel shall update the Court regarding the status of Defendant's bankruptcy by December 29, 2020, and every ninety days thereafter.  Defense counsel is advised that failure to comply with another deadline in this case without explanation may result in the imposition of sanctions and a referral to the Court's Grievance Committee.


SO ORDERED.

Dated:        October 1, 2020
              New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

---

[1] The Court's September 28, 2020 order incorrectly stated that, by that point in time, defense counsel had missed the last three deadlines.  (Doc. No. 299.)  In fact, as summarized above, prior to missing the September 29, 2020 deadline, defense counsel had actually missed five deadlines in a row, dating back to September 2019.