UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HENGJIN SUN, *et al.*,

                       Plaintiffs,

-v-

CHINA 1221, Inc., d/b/a CHINA FUN,

                       Defendant.

No. 12-cv-7135 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

      On January 7, 2017, after judgment was entered in Plaintiffs' favor following a jury trial, Plaintiffs filed a motion for attorneys' fees against Defendant China 1221, Inc., doing business as China Fun (hereinafter, "China Fun"). (Doc. No. 261.) Before the Court ruled on that motion, China Fun filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Southern District of New York on January 27, 2017, thus triggering the automatic stay provision of the United States Bankruptcy Code. (*See* Doc. Nos. 275 & 277.) The Court stayed all matters against China Fun pursuant to 11 U.S.C. § 362. (Doc. No. 279.)

      Nearly five years later, on January 12, 2022, the bankruptcy court issued a final decree in China Fun's bankruptcy proceeding. (*See* Doc. No. 310). In light of that resolution, and because "Plaintiffs' attorneys' fees motion . . . ha[d] been pending since January 2017," the Court directed Plaintiffs to submit a letter indicating "whether they intend[ed] to litigate or withdraw the pending attorneys' fees motion." (Doc. No. 317.) Attorney David Yan responded via letter on April 7, 2022, explaining that he would continue to represent Plaintiffs only with respect to their request for a fifteen percent penalty pursuant to the New York Labor Law; with respect to the motion for attorneys' fees, Yan indicated that, after numerous attempts, he was able to get in touch with his

co-counsel, Parker Waggaman, who informed him via email that he "intend[ed] to litigate the pending attorneys' fees motion." (Doc. No. 318.) Waggaman, however, did not sign Yan's letter and has made no appearance or filing in this matter since January 10, 2017. (*See* Doc. No. 271.)

After further briefing by the parties on the penalty issue, the Court denied Yan's request for a fifteen percent penalty without prejudice. (*See* Doc. No. 326.) Since that order almost three years ago, no party has filed anything on the Court's docket. And, as previously noted, Waggaman, who assumed responsibility for the attorneys' fees motion, has made no filing or appearance in this matter in over eight years. Accordingly, IT IS HEREBY ORDERED THAT Plaintiffs' motion for attorneys' fees is DENIED with prejudice. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004) ("A district judge's authority to dismiss actions based on a plaintiff's failure to prosecute . . . is of ancient origin . . . [and] is an important tool for preventing undue delays and avoiding docket congestion."). The Clerk of Court is respectfully directed to terminate the pending motion at docket number 261.

SO ORDERED.

Dated:  March 31, 2025
        New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation